*damus*, directing the mayor's court to set aside the assignment of errors, &c.

Underwood
v.
Brower.

---

## UNDERWOOD *vs.* BROWER.

Where an inquest is taken, and the defendant let in to plead on payment of costs, the judgment entered on the inquest to stand as security—the defendant must pay all the costs which have accrued from the entry of the default to the granting of the rule letting him in to defend.

AN inquisition was taken in this cause upon a writ of inquiry for the assessment of damages. The defendant asked to be let in to defend, which was granted upon the terms that the judgment which had been entered on the inquisition should stand as security for such sum as the plaintiff might eventually recover, and on payment of costs. The question was, what costs should be paid by the defendant.

February 5.

ALBANY,
Feb. 1835.

Sheldon
v.
Erie C. P.

*By the Court,* NELSON, J.  The defendant must pay the costs of the inquest and of the subsequent proceedings had in the suit, including the costs of opposing this motion.  Should the *defendant* succeed in the suit, the costs now accrued might be set off against those to which he would in that case be entitled ; but if the *plaintiff* should succeed, unless the costs now accrued through the default of the defendant are paid, the plaintiff may be subjected to the whole expense of an issue and trial, and the defendant not be able to remunerate him. All the costs therefore which have accrued from the entry of the default to this day must be paid, or the defendant cannot have the benefit of his motion.