## H. M. KINSEY v. C. STEWART.

Where an attorney accepted an order to pay over to another whatever money might be collected in a certain suit, the amount to be credited on a claim which the assignee held against the assignor, it was held that the attorney was entitled to retain his commissions for collecting.

Where the cause is submitted to the Judge of the Court below, without a jury, and there is a statement of facts, if the judgment be reversed, this Court will render such judgment as the Court below ought to have rendered, unless it appear probable that the justice of the case cannot be attained without the ascertainment of facts not contained in the statement.

Appeal from San Augustine. Motion against appellant for refusing to pay over money collected. The question was whether the defendant was entitled to retain commissions for collecting the amount referred to in the following order.

San Augustine, Oct. 20th, 1850. To Messrs. Kinsey & Henderson. You will please pay over to Charles Stewart, agent of Coleman & Sims, for the use of said Coleman & Sims, whatever money may be hereafter collected from William Hollis and Elizabeth his wife, and James B. Johnson and James Perkins, or either of them, upon a judgment heretofore rendered in the District Court of San Augustine county and now enjoined in said District Court, in the name of said Francois & Border to the use of said Coleman & Sims; and whatever money is collected upon said judgment and paid over to said Stewart, as aforesaid, is to be credited by said Coleman & Sims, or their said agent, Charles Stewart, upon any demands said Coleman & Sims may now have in their said agent's hands, against the late firm of Francois & Border. It is further hereby agreed that this order and transfer shall in nowise prejudice the rights of said Coleman & Sims or the said Francois & Border, in the matters of litigation and dispute now pending between them.

JOHN P. BORDER.

Accepted, to be paid as soon as the judgment against Hollis & wife is collected.

H. M. KINSEY,

J. PINCKNEY HENDERSON.

*Jones*, for appellee.

WHEELER, J.   The only question is as to the effect of the acceptance of the order, directing the attorneys to pay over to the plaintiff's appointee, the proceeds of the judgment when collected ; that is, whether the acceptance of the order amounted to a waiver of the attorney's right to retain their collecting fee, and an undertaking on their part to pay over, when collected, not only the money which the plaintiff in the judgment would be entitled to receive, but that also which the attorneys had a right to retain as a compensation for their services, rendered and to be rendered, in the case.   And such, we think, was not the effect of the acceptance.   The order was simply an appointment of the payee to receive to the use of the plaintiff, the proceeds of the judgment, when collected.   It was a substitution of the appointee to the rights of the plaintiff, and nothing more.   And the acceptance of the order was a mere recognition of the substitution, and an undertaking to account to the plaintiff's appointee, instead of the plaintiff himself.   But the one did not confer, nor did the other recognize, any other or greater right in the payee, than that which the plaintiff had in the subject matter of the order.   It is not to be supposed, that the plaintiff intended to draw for more than he would be entitled to receive ; or that the payee did not know, for he was bound to know, that it was the right of the attorneys to retain the fee to which they were entitled as a compensation for their services in collectiong the money ; or that the attorneys, by accepting the order, intended, or were understood as intending, to relinquish the right to retain their fee.   The acceptance of the order did not import a waiver or relinquishment of that

Kinsey v. Stewart.

right, or an undertaking to pay over to the person appointed by the plaintiff, more than the plaintiff was entitled to receive. Clearly it was not intended, or understood as a relinquishment or undertaking to pay over their fees in the case.

The portion of the fee belonging to the associate attorney, was retained by his express authority; and that authority does not appear to have been revoked at the time of making the motion; at least, the defendant in the motion had not been notified of its revocation; and the plaintiff in the motion was apprised of its existence. He, therefore, having paid the associate attorney, should have obtained authority from him for its payment to himself; or, at least, he should have apprised the defendant in the motion, that he had paid it, before resorting to this summary proceeding to enforce payment.

The proceeding appears to have been unauthorized by the facts and the law of the case. The judgment must, therefore, be reversed. And the case having been submitted to the judgment of the Court, without the intervention of a jury, upon the evidence embodied in the record, it is competent for the Court here to render such judgment as the Court below ought to have rendered; which is, that the motion and proceedings thereon be set aside and dismissed.

Reversed and dismissed.