MARTIN CASEY v. SQUIRE W. MARCH.

An attorney at law has a lien upon the papers and documents received from his client, and upon money collected for him in the course of his profession, to secure and pay himself for the fees and disbursements made by him on account of such claims, and to compensate himself for his services in the collection; but this lien, like that of a factor or mechanic, rests upon possession, and cannot vest until possession can be obtained. (Paschal's Dig., Art. 172, Note 271.)

The lien of an attorney for his services does not extend to a judgment on the money before it shall have been collected by him.

Where the attorney had obtained judgment for his clients on notes placed in his hands for collection, and the defendants were served with garnishments, and the matter took the form of an injunction suit, and the attorney intervened, and asked a judgment for his fees, to be taken out of the judgments, the motion was correctly denied.

Appeal from Panola. The case was tried before Hon. M. D. Ector, one of the district judges.

The record of this case is a statement of facts made up under the act of 5th February, 1858, further regulating proceedings in the district court. (Paschal's Dig., Art. 1516.) The substance of the statement is as follows:

Squire W. March brought suit against Richard S. Van Wey, in the district court of Panola county, and obtained judgment for a large amount in damages. Afterwards, De Witt C. Van Wey, son of Richard S. Van Wey, employed the appellant to collect several promissory notes in his own name, which notes were payable to R. S. Van Wey, the father of De Witt C. Van Wey, and to the wife of R. S. Van Wey. One of the notes was made by James E. Smith, and the others by the Barrys. The appellant, as the attorney of De Witt C. Van Wey, obtained a judgment in his favor against Smith, in the district court of Rusk county, which judgment was enjoined by Smith, because, as he alleged, he had been served with a writ of garnishment by Squire W. March, to answer what he owed R. S. Van Wey. The injunction was dissolved, and judgment obtained by appellant, against Smith and the sureties on the injunction bond, in favor of De Witt C. Van Wey. The appellant recovered judgments in the district court of Panola county, against the Barrys, in favor of De Witt C. Van Wey. Squire W. March enjoined De Witt C. Van Wey from collecting those judgments, and made Smith and his sureties and the Barrys parties to the suit, alleging that the transfer of the notes by R. S. Van Wey to De Witt C. Van Wey was fraudulent, and that De Witt C. Van Wey was implicated in that fraud. At the December term, 1866, of the district court of Panola county, the injunction suit was tried; judgment in favor of March, the judgments transferred to him, and the injunction perpetuated against De Witt C. Van Wey. The appellant filed his motion to have his fees (ten per cent. on the amount of the judgments) set apart to him. It was admitted

that the appellant's services as attorney were worth ten per cent. on the amount of the judgments obtained by him, and that he had no knowledge of any fraud between the Van Weys. Judgment final on the motion was entered against the appellant, that he take nothing, &c. The cause had been submitted to the court and a jury waived. From this judgment the appellant prayed an appeal, and assigned for error, that the judgment was contrary to law and the evidence. The question is, has the attorney, under the above-stated case, a lien on the judgments obtained by him?

*Martin Casey*, for himself. — In Fowler v. Merrill, 8 Tex., 153, the lien of the attorney was taken for granted, no discussion having taken place on that point.

In Barker v. St. Quintain, 3 M. & W., 440, it is decided, that the attorney may apply to the equitable interposition of the court to have his lien on judgments obtained by him enforced. The lien was admitted, and the question in that case was as to the mode of enforcing that lien.

In Brast v. Koon, 4 Cow., 416, the court treated the attorney's lien in the nature of an assignment, and decided that the attorney was as much entitled to the interposition of the court as an assignee.

[Martin v. Hawks, 15 Johns., 405, was quoted at length.]

In Sexton *et al.* v. Pike, 8 Eng.; 14 Ark., 193, an attorney recovered his fees from the assignee of the plaintiff who had employed him. The court decided that he had a lien on the judgment recovered by him in the hands of the assignee.

In Wilkins v. Rotterman, 4 Barb. S. C., 47, the same principle was decided. Also in Creighton v. Ingersoll, 20 Barb. S. C., 561.

This case must be treated as if Richard S. Van Wey had employed the appellant to sue on the notes, the judgments on which were transferred in the injunction suit to Squire

W. March; for the result is the same to March, R. S. Van Wey, and the appellant. The appellant innocently receives promissory notes, payable to A B or bearer, and recovers judgments on them. The notes are, *prima facie*, the property of him from whom he receives them. Those judgments are appropriated to the creditor of his client by the order of the court. All the parties are in court, and the fund is under the control of the court. Then, how appropriate is the language of the court in Creighton v. Ingersoll, quoted above: "That none has a better right to it than the attorney by whose exertion the fund was created, and that the court should dispose of it to those best entitled to it."

It is the custom of attorneys to take promissory notes for collection, looking to the recovery on these notes for their fees. There can be no doubt that they have a lien on these notes, and that an assignee of these notes could not obtain them without paying the attorneys' fees. If the lien has reference to the notes alone, it is a barren right. It must mean something more substantial—the proceeds of the notes. Those depositing notes with attorneys for collection think thereby they have secured the attorneys' fees. This has grown so general, that it is believed the courts ought to take judicial notice of it as part of the history of the state. Any other rule will cause incalculable mischief, whilst enforcing the attorneys' lien can injure none. It is simply giving or awarding him his just dues: no more.

*William Steadman*, for appellee, argued that the remedy was not by motion. And that, as the plaintiff in the original judgment was decreed to be a fraudulent holder of the notes, the title of the attorney became infected. At any rate, he should have waited until the money was collected, and then have proceeded against the plaintiff by motion.

SMITH, J.—It cannot be denied that an attorney at law has a lien upon the papers and documents received by him from his client, and money collected for him in the course of his profession, to secure and pay himself for the fees and disbursements made by him on account of such claims, and to compensate himself for his services in the collection of the money; but this lien, like that of a factor or mechanic, rests upon possession, and cannot vest until possession be obtained, (12 Wend., 261,) and at best only amounts to a right to retain the articles or money in hand, and not one that can be enforced through the courts like a mortgage or pledge. And when this possession is voluntarily given up, the lien is lost. (11 N. H., 163.)

In England and many of the States of America there is a species of attorney's lien on judgments obtained by him recognized as necessary and proper to secure him in the fees and disbursements he may make in that particular case; but this, unlike the lien above referred to, is predicated on the fact, that he pays for and makes the said disbursements for his client in the progress of the suit, and for that reason he is regarded in equity as an assignee of the judgment to the amount thus expended by him. (4 N. H., 347; Martin v. Hawks, 15 Johns., 405.) And this character of attorney's lien does not rest upon the fact of possession, but on the equity of his claim on the judgment. And this is the nature of the attorney's fees which in New York and some other states are recognized as secured by a lien on the judgment, as if he were an assignee of the same to that extent. (12 Wend., 267.) This character of attorney's lien is limited to the taxable fees and disbursements made by the attorney in the cause, and does not extend to commissions or compensation for services rendered in procuring the judgment. (8 Johns., 335; 22 Peck, 210.)

In the case of Wright v. Cobley, 1 Foster, 340, it was

held that this lien did not extend to judgments, for the reason that the indispensable requisite to the lien (possession) is wanting. Of a judgment there can be no possession by the attorney; it is but the decision of a court upon a claim, and exists only in contemplation of law. The records of the court are the evidence of the decision or judgment of the court, and are in the custody of a public officer, over which neither attorney nor client has any control or rightful possession.

This court, in the case of Kinsey v. Stewart, 14 Tex., 457, held that an attorney at law had a right to retain from the moneys collected by him the fees to which he was entitled, as a compensation for his services in collecting the money, and that the acceptance of an order from his client for the amount collected did not operate as a waiver of his lien upon the money held as aforesaid.

In the case of Able v. Lee, 6 Tex., 431, the court says, in effect, that an attorney has a general lien for his professional dues upon the papers of his client in his hands and moneys collected and in his possession. But that an attorney, except for costs, has no general lien upon a debt before the money is collected.

There are some conflicting decisions in the American courts upon the extent of the attorney's lien. (13 Ark., 193; 14 Ga.) But from the great preponderating weight of English and American authorities, we are of opinion that the lien of an attorney for his services does not extend to a judgment, or the money before it shall have been collected by him, and that there was no error in the court below overruling the appellant's application or motion, and the judgment is

AFFIRMED.