## J. W. WHITTAKER AND ANOTHER v. J. H. CLARKE.

1. A defendant in a suit upon a money demand is in no way responsible to the plaintiff's attorney for his fees, and may adjust the demand with the plaintiff himself, pending the suit, regardless of the attorney's fees and of the lien which the attorney was entitled to upon his client's papers and money when in his possession.

2. In a suit on a due bill, the defendant pleaded that since the institution of the suit he had fully paid the plaintiff the debt sued on, and he filed the plaintiff's receipt as part of the plea. The plaintiff's attorney filed a plea of intervention, asserting that he had a lien on the debt for his fees; that the debt had been settled by the plaintiff and defendant without his knowledge or consent, and in fraud of his rights; and that he

was entitled to judgment against the defendant for his fees at the customary rate of ten per cent. upon the amount of the demand. The defendant demurred to the plea of intervention. *Held*, that the demurrer should have been sustained. The defendant was not liable to the plaintiff's attorney, nor chargeable with fraud against him in consequence of making payment to his client, the plaintiff. (Able v. Lee, 6 Texas, 427, and Casey v. March, 30 Texas, 180, cited.)

3. It was palpable error for the court below to direct the jury " to find the following verdict," dictating or indicating the verdict returned.

ERROR from Red River. Tried below before the Hon. Winston Banks.

The facts are made sufficiently manifest by the opinion of the court.

*R. R. Gaines*, for the plaintiffs in error.

No brief for the defendant in error.

WALKER, J.—The plaintiffs in error were defendants in the district court to the action of C. H. Hawthorne. The defendant in error was Hawthorne's attorney, and brought the suit in the district court to recover on a promissory note given by the plaintiffs in error to one Childers, and by Childers endorsed to Hawthorne. Pending the action in the district court, the plaintiffs in error paid Hawthorne the full amount of their indebtedness, and bringing their receipts into court pleaded accord and satisfaction; whereupon Clark filed what he called a plea of intervention, demanding judgment for the amount of his fee at the rate of ten per cent. on the amount for which he had sued.

To this plea a demurrer was filed which was overruled by the court.

The demurrer should have been sustained.

Though Clarke undoubtedly would have had a lien upon the papers and money of his client while in his possession for his fees,

he had no right against the defendants whatever. They were not liable for his fee, nor were they chargeable with any fraud towards him in paying his clients.

This case is fully discussed and decided in Able v. Lee, 6 Texas Reports, 427, and Casey v. March, 30 Texas Reports, 180. The court, in entertaining this so-called plea of intervention and over-ruling the demurrer of plaintiffs in error, laid the foundation for the subsequent errors disclosed by the record, and there was very palpable error in the charge of the court, directing the jury to find the "following verdict," the verdict apparently having been written by the court, and that upon a most erroneous conception of the law.

The judgment upon the verdict was erroneous, and the refusal to grant a new trial was erroneous.

The judgment of the district court is reversed, and this court proceeding to render the judgment which should have been entered below, direct that the plaintiffs in error recover of the defendant in error the costs of this court, and in the district court, made by and subsequent to the filing of the plea in intervention, and that the cause be dismissed.

       Reversed and dismissed.