## GALVESTON TERM, 1886.

TEX. MEX. R'Y CO. ET AL. V. W. SHOWALTER.

No. 1833.)

APPEAL from Webb County. Opinion by WILLSON, J.

THOS. W. DODD and HORACE CHILTON, counsel for appellant.

W. SHOWALTER and M. C. McLEMORE, counsel for appellee.

§ **69.** *Attorney's fee; lien for, when it attaches; case stated.* Appellee, being a practicing attorney, was employed as such by Herbeck and wife, to institute and prosecute against appellants a suit for damages for the loss of their child, alleged to have been killed through the negligence of appellants. The contract between appellee and Herbeck and wife was, that he was to institute and prosecute said suit, and perform all necessary legal services therein, and as a compensation he was to receive one-half the sum that might be recovered by judgment or compromise; and as soon as a judgment was obtained or a compromise effected, one-half the sum thereof should belong to him, and he alone should have the right to collect the money arising from said judgment or compromise. Appellee fully performed his part of the contract. Pending the suit Herbeck and wife compromised the same with appellants, receiving from appellants $750, in full settlement of the damages sued for. At the time of said compromise appellants had knowledge of the contract between appellee and Herbeck and wife, and of the terms thereof; and before paying the money to Herbeck and wife they were notified by appellee that one-half thereof belonged to him, and he

demanded the same of them, and protested against the payment thereof to Herbeck and wife; said Herbeck and wife at that time being insolvent, and having removed out of this state into Mexico, which facts were also known to appellants at the time of paying said money to them. The above recited facts were alleged in the petition. Appellants demurred to the petition, which demurrer was overruled, and appellee recovered judgment for $375, one-half the amount paid to Herbeck and wife by appellants, upon the compromise. *Held:* In this state an attorney-at-law has no lien for his fee except the common law lien, which does not attach to anything which is. not in his possession. [Ables v. Lee, 6 Tex. 431.] It is like the lien of a factor resting alone upon the possession of the property, and does not vest until such possession is obtained. It does not attach even to a judgment obtained by the attorney for the client. [Casey v. March, 30 Tex. 180; Whittaker v. Clarke, 33 Tex. 647.] It is manifest, therefore, that appellee had no lien upon the money paid by appellants to Herbeck and wife.

§ 70. *Personal damages; claim for, not assignable; what is, and what is not, assignable.* It is insisted by appellee that he was the absolute owner of one-half the sum obtained by the compromise; that by virtue of his contract with Herbeck and wife, one-half interest. in whatever damages might be recovered was assigned to and vested in him. This raises the question, is such a claim for damages assignable? It is well settled in this state, that any claim which will survive to the legal representatives of the owner thereof, upon his death, is assignable, but that a claim which does not so survive is not assignable. [R. R. Co. v. Freeman, 57 Tex. 156; Stewart v. R. R. Co. 62 Tex. 246.] Would the claim of Herbeck and wife have survived to their legal representatives? If not, it was not assignable, and appellee could acquire no such right or interest therein as the courts would protect or recognize. In the statute providing for

and regulating actions for damages for injuries resulting
in death, the following provision is found: "If the sole
plaintiff die pending the suit, and he is the only party
entitled to the money recovered, the suit shall abate."
[R. S. art. 2907.] Herbeck and wife were the only par-
ties entitled to the damages claimed in their suit against
appellants. They were the parents of the deceased, who
was their minor daughter, without husband or children.
[R. S. art. 2903.] If, therefore, Herbeck and wife had
both died pending the suit for such damages, the cause
of action would have died with them, and the suit would
have abated. This is the evident meaning of the statute,
and actions for such damages being dependent upon
the statute, must be governed alone by the statute. We
hold, therefore, that appellee could not acquire any right
or interest in the damages sued for, by assignment, and
hence has no cause of action against appellants. [R. R.
Co. v. Hook, 60 Tex. 402.] The demurrer to appellee's
petition should have been sustained.

   January 13, 1886.            Reversed and dismissed.