## RANDOLPH, BOWEN & CO. V. B. RANDOLPH.

1. Process of garnishment being served on an attorney by judgment creditors of the attorney's client, the attorney answered that he had in his hands $260, collected by him for his client, twenty-six dollars of which were due respondent as collection fees; that long before the garnishment his client had employed respondent in a certain still pending law suit, at a stipulated fee of $250, which is still unpaid, and for which respondent claims the right to retain the balance of the money in his hands. *Held*, that if the attorney had in good faith performed part of the services involved in the lawsuit, and stood ready to perform the remainder, he was entitled, as against any creditor of his client, to treat and hold as a retainer the money in his hands, to a reasonable amount.

2. The court cite with approval the rulings respecting attorney's liens and fees, made in Able v. Lee, 6 Texas, 431; Casey v. March, 30 Texas, 185, and Baird v. Ratcliffe, 10 Texas, 81; but a doubt is strongly intimated of the correctness of the decision in Wambles v. Lindsay (Austin term, 1869), wherein the relation of attorney and client had been dissolved by act of God, and yet the attorney was allowed to recover more than his *quantum meruit*.

APPEAL from Walker. Tried below before the Hon. N. H. Davis.

The facts of the case are clearly stated in the opinion of the court. The professional relation between the garnishee and his client appears to have been still subsisting.

On the answer of the garnishee the court below dismissed the proceeding against him, and this is assigned as error.

*Baker & Maxcy*, for the appellants.—I. The appellee admits that he, as the attorney of Hogue, had received, and had in his hands at the time the garnishment was served, two hundred and sixty dollars of Hogue's money; but claimed the right to retain out of it twenty-six dollars as his fees for collecting it. It is admitted that he had the right to do so. But he further alleges that he

holds the written promise of Hogue to pay him two hundred and fifty dollars for services rendered and to be rendered in another case still pending; and that Hogue is otherwise indebted to him, but does not state in what amount, whether due or not, nor on what account; and claims that as an attorney he has a general lien on the money in his hands, and the right to retain and apply it to this indebtedness of Hogue to him.

It is submitted, that upon the facts set forth in his answer, this proposition cannot be maintained and applied to these facts. In the first place, it is not stated in the garnishee's answer that any of Hogue's indebtedness to him is due; and in order to support a claim for lien the debt must be due. (Cross on Lien, 43.)

The answer admits that the two hundred and fifty dollar promise of Hogue was given for services "rendered and to be rendered," and in absence of proof showing that the fee was to be paid at a particular time, the law would make it due only when the service shall have been completed. (Jones v. Lewis, 11 Tex. R., 359.)

As to Hogue's "other indebtedness," it does not appear from the garnishee's answer that said indebtedness is due, nor that it accrued for professional services. An attorney's claim to lien must be in respect of his character of attorney. (Cross on Lien, 211; Champernown v. Scott, 6 Mad., 93.)

II. But it will be argued that the garnishee's general lien has been recognized by this court. A brief review of the cases upon this point, it is thought, will suffice to show, that whatever general expressions to this effect may have fallen from the court in passing, they are not applicable to the facts of this case, as presented by the answer.

In Able v. Lee, 6 Tex. R., 431, the court say: "An attorney has a general lien for his professional dues upon the papers of his client in his hands, and moneys collected in his possession;" but in that case a compromise had been effected, after suit brought, by

which the defendant agreed to pay the fees of the plaintiff's attorney, and failed to prove payment. The question as to the attorney's lien on funds in his hands to secure the payment of fees in other cases, or for fees not due, did not arise.

In Kinsey v. Stewart, 14 Tex. R., the plaintiff's attorney had accepted his order to pay the proceeds of a certain judgment to Stewart. The attorneys claimed only the right to retain out of the proceeds their fees for collecting the funds. This was their right, and the court sustained them in it.

The latest case reported is Casey v. Marsh, 30 Tex. R., 180, in which the court say: "It cannot be denied that an attorney at law has a lien upon the papers and documents received by him from his client, and money collected for him in the course of his profession, to secure and pay himself for the fees and disbursements made by him on account of such claims, and to compensate himself for his services in the collection of the money." This language, evidently, refers to the right of the attorney as against the particular fund for the acquisition of which his services were rendered. The facts of the case prove this. The attorney had obtained judgment for his client, and before collecting it the client's title to it was impeached for fraud, and by decree of court the judgment had been transferred to the creditor of the client's fraudulent assignor. The attorney, claiming a lien on the judgment for his fees, filed a motion to have them set apart to him, and the court held that he had no such lien on the judgment; and this was the only point before the court.

III. It is admitted that the attorney has a general lien upon all his client's papers that come into his hands as attorney, so long as he retains possession of them. Or when he has made a settlement with his client, and a balance is found to be then due him for professional services, he may have a general lien for its payment upon any moneys subsequently coming to his possession. But the case submitted does not come within this rule, nor the reason

of it. Again, a general lien being in restraint of property, is not favored by the common law. (Scarfe v. Morgan, 4 M. & W., 285.)

*Randolph & McKinney*, for the appellee.—Whether the garnishee had such a lien as herein claimed, or whether the debt against Hogue was due for professional services rendered and to be rendered, or not, is wholly immaterial, provided it was such a legal or equitable demand as might have been pleaded in defense, or set off, by the garnishee, in suit instituted by the defendant. (Drake on Attachments, § 681.) That the garnishee, in this cause, held such a demand, we think clear from his answer, and the authorities already cited. (Wambles v. Lindsay, and Baird v. Ratcliffe.) An attorney may, upon reasonable cause and reasonable notice, abandon the conduct of a suit, and still recover his costs for the period during which he was employed. (Rawson v. Earle, Moody & Malkin's Nisi Prius Cases, Volume 1, 538, and Hoby v. Built, 3 Barnwell and Adolphus's Reports, 350.) It must affirmatively appear from the answer, or other evidence, that the garnishee is indebted to the defendant, before judgment can be rendered against him. (25 Texas R., 144, and Drake on Attachments, § 461.) Again, where the garnishee does not answer, as he might properly have done in this case, that he owed the defendant nothing, but states all the facts, and leaves the court to pass upon them, he is entitled to judgment in his favor, if there is reasonable doubt whether he is chargeable or not. (Drake on Attachments, § 659.)

WALKER, J.—The question for our consideration here is one which has not been hitherto fairly decided by this court. In Able v. Lee, 6 Texas, 431, the court say : " An attorney has a general lien for his professional dues on the papers of his client in his hands, and upon all moneys in his possession belonging to his

client." This doctrine is affirmed in Casey v. March, 30 Texas, 185.

When the relation of an attorney and client is dissolved, without the fault of the attorney, he is entitled to his whole fee (see Wambles v. Lindsay, decided at Austin term, 1869); and where the relation is dissolved by the operation of law, the attorney is entitled to his *quantum meruit*. (Baird v. Ratcliffe, 10 Texas, 81.)

In quoting Wambles v. Lindsay, we do not wish to be understood as giving the case our full approbation; the relation of attorney and client was dissolved in that case by the act of God, and we leave it in doubt if the attorney should have recovered more than his *quantum meruit*.

In this case Randolph, the appellee, admits that as the attorney of Hogue, when served as garnishee, he had two hundred and sixty dollars of Hogue's money in his hands, out of which he was entitled to twenty-six dollars, fees for collecting; and he avers in his answer that he held Hogue's written obligation to pay him two hundred and fifty dollars, for services rendered and to be rendered in a case then pending.

The only question for us to decide is whether, after deducting the twenty-six dollars, he was bound to pay over to the appellants the remainder of the two hundred and sixty dollars.

Apply the principle of the cases already cited, and we think he was not. If it were shown that he had performed in good faith a part of the services, and stood ready to perform the balance, he had a right to treat the money in his hands and hold it as a retainer to a reasonable amount, as against the creditors of his client.

The judgment of the district court is affirmed.

Affirmed.