## TILLMAN *vs.* REYNOLDS.

[APPEAL FROM ORDER DISMISSING SUIT, &C,]

1. *Dismissal of suit; when not erroneous.*—It is not error for the court to dismiss a suit on proof that the debt sued for has been paid, and that the plaintiff has agreed and consented to the dismissal.

2. *Attorney's lien; to what does not entitle attorney.*—The attorney's right of lien, when he has such lien, on a promissory note in his hands for collection, gives him no right to a judgment (in a suit between the client and the defendant) against the defendant for the amount of his fees, after the debt has been paid by the defendant to the plaintiff, either in the name of his client or in his own name, even if the plaintiff be insolvent.

3. *Cause submitted by consent, without assignment of error; will be affirmed.*— A cause in this court, "submitted by consent," without any assignment of error, or argument or brief filed for appellant, will be affirmed.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

The opinion states the facts.

W. C. OATES, for appellant.

SEALS & WOOD, *contra*,

PETERS, J.—This is an appeal from Barbour circuit court. But there is no assignment of errors, and no briefs filed by any party to the record or by their attorneys. I suppose the question intended to be raised in the case, is the attorney's right of lien on the note which is the cause of action in the original suit. The record shows that Mrs. Tillman instituted suit in Barbour county circuit court, on the 28th day of September, 1868, against John A. Reynolds, on a promissory note for $553. The summons in this suit was regularly served upon the defendant, Reynolds, on the 28th day of October, 1868; and afterwards, at the August term of said circuit court, which was a special term thereof, in the year 1871, the following judgment was entered by the court in this cause:

"Zilpha Tillman ⎫ August 22d, 1871. Came the plain-
       vs. ⎬ tiff by attorney, and makes known to
J. A. Reynolds. ⎭ the court, that she will dismiss this suit. It is therefore considered by the court, that this case be dismissed, and that the defendant go hence and recover of the plaintiff the costs in this behalf expended, for which execution may issue."

On the same day this judgment of dismissal bears date, there was a bill of exceptions filed in this suit, from which it appears that "on the trial" of this cause in the circuit court, "on the 22d day of August, 1871," "the defendant pleaded that since the commencement of said action, he had paid the plaintiff her said debt or demand *in full*, and exhibited in evidence, without objection, the *receipt* of the plaintiff, showing that he had paid said debt." In this receipt the plaintiff bound herself to dismiss her suit. It was also admitted, that the attorney who had brought the suit for Mrs. Tillman, at her instance, had the note on which the action was founded in possession, and that he had not received any pay or compensation for his services in bringing the suit and attending to the same; that his services were reasonably worth one hundred dollars, and that "he had a claim or lien on said note for his fees or commissions for his services aforesaid, and that the settle-

ment between the plaintiff and defendant was without his knowledge or consent." It was also admitted that the plaintiff was insolvent. Upon these facts the attorney for the plaintiff insisted upon a judgment against the defendant "for the amount of his fees." The court, upon this proof, at the request of the defendant, charged the jury, "that if they believed the evidence, they must find for the defendant;" to which "the plaintiff and her attorney" "jointly and severally excepted and took a non-suit," and "tendered their bill of exceptions," &c. The said plaintiff and her attorney bring this cause to this court by appeal. There was no judgment of non-suit entered in the court below, but only the judgment of dismissal as above. It is presumed that the purpose of the proceeding in the court below, was to compel the defendant to pay the plaintiff's attorney's fee for instituting the suit, out of the plaintiff's debt in his hands, before he paid the plaintiff the amount of the note in suit, or to make him liable for the fee, if he failed or refused to do so; because the attorney had a "claim or lien" on the note in his possession, and the plaintiff herself was insolvent. In such a case as this, such a principle would make the defendant, in the event the plaintiff was entitled to a judgment at least to the amount of the fee due the attorney for the institution of the suit, security of the plaintiff for the payment of the fee. I am not aware of any principle governing the relation of client and attorney that goes so far. The defendant's liability is discharged when he pays the debt he owes to the plaintiff. And whether this be done before or after the institution of the suit, its effect is the same, except as to costs of suit. Payment of the debt in suit, in either instance, is a good defense. If the payment is made before action brought, it is a good plea in bar of the action and the costs; if it is made after action brought and before judgment, it is also a good plea in bar of the action, except costs up to the plea pleaded, as a plea *puis darrien continuance.*—1 Chitt. Pl. 657–8, marg.; 7 Bac. Abr. (Bouv.) p. 685; Rev. Code, §§ 2651, 2685. The proofs in this case show that the debt had been paid before the trial, but after suit brought. This

being admitted, the court was bound to charge the jury to find for the defendant. Besides, the attorney for the plaintiff is not a party to the record in the court below. No judgment could be rendered in his favor, except a judgment by confession. His lien, when he has a lien, can not be enforced in this way by an involuntary judgment against the defendant, in a court of law.—*McCaa v. Grant*, 43 Ala. Rep. 262.

The judgment of the court below is affirmed, with costs.