# Leslie *v.* Merrill, Fitch & Allen.

## *Garnishment.*

1. *Garnishment; what debt will reach.*—The maker of a negotiable promissory note who, before its maturity, is garnished by a creditor of the payee, and after it matures takes the note up, giving the payee another negotiable note in extension of the debt, can not thereby affect the rights of the garnishing creditor; and the first note being owned and held by the payee at maturity, judgment in favor of the garnishing creditor is properly rendered against the maker, although the renewal note has not matured and the maker does not know who owns it.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

The appellees, Merrill, Fitch & Allen, recovered judgment against Albert J. Leslie for the sum of $1,379, on the 19th day of December, 1876. On the 9th day of January following, C. W. Leslie was summoned by garnishment to answer what he was indebted to said Albert.

C. W. Leslie appeared, on the 15th day of February, 1877; and filed a written answer, stating that "prior to the service of the garnishment" he had purchased a stock of jewelry from said Albert, for which he paid no part in cash, but executed and delivered therefor his seven promissory notes for the sum of $968.62 each, due respectively, April 22d, 1877; May 22d, 1877; November 22d, 1877, December, 22d, 1877; January 22d, 1878; March 22d, 1878; May 22d, 1878; and one note for $2,260, on the 22d day of May, 1878; that said promissory notes are negotiable and payable at the Mobile

Savings Bank to the order of the defendant," and that he was not otherwise indebted, &c.

On June 13, 1877, the garnishee, in obedience to the order of the court, appeared and answered orally. In this answer he stated, among other things, that he had not paid the two notes which had matured, but they had been extended, and the first notes maturing taken up, by giving said Albert other notes, payable twelve months afterwards. All these notes were negotiable and payable in bank. "I do not know who holds these notes, or whether A. J. Leslie will hold them when they mature." Afterwards, the garnishee amended his oral answer, by stating that he does not now know who is the holder of the two notes which he renewed, and did not know at the time of making his oral answer. After this, and on the 28th day of June, 1878, the court rendered judgment against the garnishee for the amount of the judgment, it being a sum less than the amount of the two notes first maturing when the garnishment was served on C. W. Leslie, and he excepted.

This ruling is now assigned as error.

BOYLES & OVERALL, for appellant.—A debtor can not know certainly in whose hands his obligation may be when it matures, and his admission that it is outstanding, can not be effectual as an admission of indebtedness to the original holder, of such a character as to be a continuing liability in his hands.—*Littlefield v. Hodge*, 6 Mich. 327. The obligation of the debtor in a case like this is not to pay to any particular person, "but to the *holder at maturity*, whoever he may be."—14 Louisiana, 449. No court can consistently sustain the attachment of negotiable paper while still current, "without claiming for its judgment conclusive effect against all the world." There is nothing to prevent A. J. Leslie from transferring the notes after the garnishment served on his debtor. What is to prevent the debtor from having to pay again when the holder of the paper makes demand? He is the owner of the debt, and not concluded by a judgment to which he is not a party. The current of authority in this country is against the condemnation of a debt which has assumed the form of a negotiable note, unless the known owner of the debt is before the court.—16 Vermont, 131; 11 Iredell, 567; Drake on Attachment, § 585; 4 Dallas, 62; 2 Bailey, 441; *Winston v. Westfelt*, 22 Ala. See, also, *Andrews v. Pond*, 13 Pet. 65; *Fowler v. Bartley*, 14 Id. 318; *Brown v. Davis*, 3 Term, 86; *Hinton's Case*, 2 Show. 247; *Anon.* 1 Salk. 126; *Miller v. Race*, 1 Burr. 462; *Grant v. Vaughan*, 3 Id. 15, 16; *Peacock v. Rhodes*, 2 Doug. 633; *Lawson v. Weston*,

[Leslie v. Merrill, Fitch & Allen.]

4 Eq. R. 56; *Worcester Bank v. Dorchester Bank*, 10 Cush. 491; *Smith v. Sac County*, 11 Wall. 146; *Collins v. Martin*, 1 Bos. & Pull. 648; *Bank v. Hoge*, 35 N. Y. 68; *Phelan v. Moss*, 67 Penn. 63; *Raphael v. Bank*, 17 C. B. 171; *Lake v. Reed*, 29 Ia. 359; *Gage v. Sharp*, 24 Id. 15; *Ranger v. Cary*, 1 Met. 373; *Harvey v. Towers*, 6 Hurls. & Gord. 660; *Percival v. Frampton*, 2 Crompt. Mees. & Ros. 183; *Seybel v. Bank*, 54 N. Y. 291; *Tucker v. Morrill*, 1 Allen, 528; *Maither v. Maidstone*, 1 C. B. N. S. 287; *Sistermans v. Field*, 9 Gray, 337; *Brush v. Scribner*, 11 Conn. 390; *Swift v. Tyson*, 16 Pet. 15.

C. H. LINDSEY, *contra.*—By the giving of the notes, no matter what their form, appellant would become indebted to Albert Leslie, in the future, unless the latter transferred the paper, and Albert Leslie is the legal owner of the debt until the contrary is shown.—27 Ala. 617. If the original payee holds them, the maker can not complain of a judgment condemning them. If, on the other hand, some *bona fide* endorsee held them, and appellant takes no steps to ascertain who such holder is, and to set up his claim, it is his own fault and he must take the consequences.—34 Ala. 583. The garnishment gave the judgment creditor a lien on the debtor, which could not be impaired by any after contract between the debtor and the garnishee.—5 Ala. 231. The legal conclusion, from the fact that A. J. Leslie bought up the first notes, and took others in place of them, is, that he was then the owner of the debt, and the garnishment having been served, it was the garnishee's duty to act accordingly.

While the original payee remains the owner of the note, the mere fact of their negotiability does not take them beyond reach by garnishment.—7 Yerger, 42; 3 Mo. 88; 3 Conn. 27; 1 Harris & Johnson, 536; 21 Ala. 576; 21 Ala. 576; Drake on Attachments, § 587.

STONE, J.—The two notes, first maturing, disclosed in the answer of the garnishee, were past due at the time he filed his amended answer, and he fails to disclose that he had received any notice of the transfer of the notes, or that any person, other than the defendant debtor, asserted any claim to them. The sum of the two notes, so past due, exceeds the amount of the judgment, for the payment of which they are sought to be condemned. The renewal of the notes by the garnishee, made after the maturity of the first notes, and after he had been served with summons in garnishment, can not affect the rights of the attaching creditor. The liabilities of the garnishee are the same as if he had never given the

[McCully v. Chapman, Adm'r.]

renewed notes.—*M. & O. R. R. Co. v. Whitney*, 39 Ala. 468 ; *Mills v. Stewart*, 12 Ala. 90.

The present debt, although in form a commercial security, was owned and held by the payee after its maturity ; for, after that time, he allowed his debtor to renew it. The debt was subject to garnishment, (*Mills v. Stewart, supra*), and there was no error in its condemnation.

Affirmed.