LIDDELL, JOHNSON & GARMANY v. JASPER CRAIN ET AL.

*(Case No. 4072.)*

1. PARTNERS — NOTICE.— Each member of a firm is chargeable with notice of the transactions of the others within the scope of the partnership business, but not of the sale by a partner of his individual interest in partnership property, or of his representations in making the sale.

2. INNOCENT HOLDER.— One member of a firm may be an innocent purchaser of a note received by his copartner for the sale of an individual interest in partnership property, and as such purchaser is not chargeable with no-

tice of the fraudulent representations made by his copartner in selling the property.

3. NEGOTIABLE NOTE — ASSIGNMENT.— The assignment of a negotiable note as collateral security for a pre-existing debt due from one partner to another, is a transfer in due course of trade for a valuable consideration.

ERROR from Lamar. Tried below before the Hon. R. R. Gaines.

Suit brought by plaintiffs in error May 17, 1875, against Jasper Crain, Silas Crain, J. C. Schenck, W. B. Wright and H. D. McDonald, to cancel a note executed by plaintiffs December 10, 1874, to Jasper Crain and Silas Crain, or order, for $787.50, due December 25, 1875, drawing ten per cent. interest from date; which note plaintiffs alleged was procured by fraud, and the consideration had wholly failed, because the property sold plaintiffs, and which was the consideration of the note, was incumbered by two certain deeds of trust, made by the firm of Crain & Co., composed of Schenck, Jasper Crain and Nowell.

Defendants answered by general demurrer and general denial July 5, 1875.

Defendants Wright and McDonald answered October 15, 1875, alleging that the note sought to be cancelled had been placed in their hands for collection and disclaimed any interest in the suit. On the same day, defendant J. C. Schenck filed a cross bill, in which he alleged that the note sought to be cancelled was transferred to him on the 20th of February, 1875, by Jasper and Silas Crain, as collaterals to secure a note executed by Jasper Crain to him on that day for $500; that he was an innocent holder of the $787.50 note in due course of trade for a valuable consideration, without notice of any defect therein.

November 11, 1878, the case was tried without a jury, and judgment was rendered in favor of J. C. Schenck against appellants for $684.66, drawing ten per cent. interest from date, as the amount of his $500 note and interest; and in favor of plaintiffs against Jasper and Silas Crain, cancelling the excess

·of their note over and above that sum, adjudging all the costs against plaintiffs and Jasper and Silas Crain.

The note sought to be cancelled recited that it was given in consideration of Crain's one-half interest in a gin and grist mill, which was proved on the trial.

At the time the property was sold by Jasper Crain to plaintiffs, and the $787.50 note executed, the property was incumbered by two deeds of trust, one to A. Cate, trustee, to secure A. S. Pettigrew & Co. in the purchase money for the same, and the other to secure a debt to Mrs. E. L. Aaron, both recorded in Lamar county, where the property was situated.

The deeds of trust were executed by the firm of Crain & Co., which was composed of Jasper Crain, defendant, J. C. Schenck and one W. H. Nowell.

The property was sold under the deeds of trust the first Tuesday in June, 1875, and did not sell for enough to pay the debts secured thereby.

The property for which the note sought to be cancelled was given, was purchased from A. S. Pettigrew & Co. by the firm of J. Crain & Co. Jasper Crain, one of the firm, obtained the note from plaintiffs by representing that the property was "all right;" and as to him the court adjudged the note invalid.

*Hale & Scott* for plaintiffs in error.

I. The court erred in rendering the judgment for the amount of the $500 note, when, as the record shows, it was given for an antecedent and pre-existing debt, and would not, therefore, be sufficient consideration to make defendant Schenck an innocent holder of the note for $787.50. The $500 note executed to Schenck by Jasper Crain was for a debt owing to him prior to that time. Pasch. Dig., art. 221; Dresser *v.* Missouri, etc., R. R. Const. Co., 3 Otto, 94; Weaver *v.* Borden, 49 N. Y., 291; Bay *v.* Coddington, 20 Johns., 637; Wardell *v.* Howell, 9 Wend., 174; 32 Tex., 308; Spurlock *v.* Sullivan, 36 Tex., 516.

II. The plaintiffs having recovered judgment cancelling all

of their $787.50 note except enough to pay the $500 note and interest to Schenck, they should have recovered all of their costs. The costs were all adjudged against plaintiffs and Jasper and Silas Crain. Judgment was rendered in favor of plaintiffs, cancelling all of their note for $787.50, except enough to satisfy the $500 note and interest. 2 Daniel's Ch. Pr., 990, 1408.

III. The court erred in not rendering judgment over against the defendants Jasper and Silas Crain, in favor of these plaintiffs, upon their prayer for general relief, for the amount of judgment given in favor of defendant Schenck. Plaintiffs' petition and amended petition was in the nature of a bill in equity to cancel the $787.50 note, for fraud and failure of consideration, and they pray for general relief. Pasch. Dig., art. 1410; Hipp *v.* Huchett, 4 Tex., 22; Trammell *v.* Watson, 25 Tex. Sup., 216; 1 Daniel's Ch. Pr., 378, 379, and note 1.

IV. The court should have first adjudicated the right of defendant J. C. Schenck against Jasper Crain on the $500 note before rendering judgment against plaintiffs on the collateral note. Defendants Jasper Crain and J. C. Schenck were both before the court. The $500 note was fully set out and described in Schenck's cross bill, and the same was in evidence. Pasch. Dig., art. 1410.

V. The court should have granted a new trial in favor of plaintiffs on account of newly discovered evidence. Plaintiffs moved for a new trial on the ground of newly discovered evidence, to the effect that Jasper Crain would testify on another trial that the $500 note from him to Schenck was given for his (Schenck's) interest in the same mill and machinery for which the $787.50 note was given; that it was wholly without consideration, and procured by the fraudulent representations of said Schenck and J. H. Nowell, to the effect that the A. S. Pettigrew & Co. and Aaron debts had been paid off and the property was clear. Plaintiffs say they knew nothing of this testimony until after the trial. The affidavit of the witness to that effect was written and read to him by E. L. Dohoney,

plaintiffs' attorney.    He assented to its correctness, and agreed
to sign and swear to it, but subsequently refused to do so, say-
ing he had been mistreated, that the statements in the affi-
davit were true, and he would so testify upon another trial.
Dean *v.* Borden, 15 Tex., 300.

*Dudley & McDonald* for defendant in error.

I. If Schenck was otherwise a *bona fide* holder for value of
the note obtained before maturity, the recitation in the note
would not be notice to him that it referred to the same prop-
erty upon which he had previously, as a member of the firm
of J. Crain & Co., joined in giving a deed or deeds of trust,
for the reason that the doctrine " that a knowledge of circum-
stances sufficient to put a prudent man upon inquiry is notice,"
does not apply to the purchaser of negotiable paper; proof of
bad faith will alone affect him.

II. The deeds of trust being on record and being construct-
ive notice to all the world, the statements made by Crain did
not operate as a fraud upon plaintiffs, and said note could not
legally have been avoided even as to Crain; and the judgment
of the court cancelling said note as to Crain was not warranted
by the evidence, but not affecting the rights of this defendant
in error, it is not complained of.    Jackson *v.* Stockbridge, 29
Tex., 394; 1 Story's Eq., secs. 199, 200; Kerr on Fraud and
Mistake; Bump's Am. Ed., pp. 96, 100 and 103, last para-
graphs on each page.

III. Admitting for the sake of the argument alone, that
Schenck, when he obtained said note, knew that it was given
for an interest in property which he had previously joined in
incumbering, and that plaintiffs could avoid said note as to
Jasper Crain, still Schenck held the same by a valid title as a
*bona fide* holder for value obtained before maturity, because it
represented Crain's equity of redemption in the property,
which he had a perfect right to sell, and because Schenck was
not connected with, and had no knowledge of, the fraud (if
a fraud) practiced by Jasper Crain on plaintiffs.    Watson *v.*

Flanagan, 14 Tex., 355; Buchanan *v.* Monroe, 22 Tex., 541; 4 Kent's Com., 159, 160; 2 Story's Eq. Jur., secs. 1015, 1023.

IV. The acts and declarations of Jasper Crain at the time of the negotiation with plaintiff through Alex. Johnson, are not binding on his copartners, for the reason, 1st, that he was not acting within the scope of the partnership; and 2d, plaintiffs were negotiating for his half interest, and he was endeavoring to sell his half interest in the property. Story on Part., secs. 107, 108, and the other authorities cited by plaintiff in error on this point.

BONNER, ASSOCIATE JUSTICE.— In this case a jury was waived and cause submitted to the court.

Plaintiffs' propositions, under their first assigned error, and which present the questions of law arising thereunder, are that:

"1. J. C. Schenck was chargeable with notice of the failure of consideration of the note sought to be cancelled, because he was a party to the deeds of trust executed on the same property for which it was given, through which the consideration failed.

"2. Notice to one member of a firm of the fraud or failure of consideration of a note given for property belonging to the firm is notice to all the partners."

The questions presented for our revision are not whether the court erred in not deciding as a question of fact that Schenck had knowledge of the failure of consideration of the note for $787.50 given by plaintiffs to Jasper and Silas Crain, if, indeed, under the evidence, we could revise this question of fact, but whether, as a question of law, Schenck was chargeable with notice of this failure of consideration by reason of having been a party to the trust deeds which created the incumbrance, and by reason of having been a member of the firm of J. Crain & Co., composed of himself, Jasper Crain and one Nowell.

Having joined in the trust deeds, the law would charge him

with notice of their existence and contents, and he would also be chargeable with notice of the transactions of the firm within the scope of the partnership business.

Although the existence of the trust deeds was the cause of the failure of consideration of the note, yet, as they were upon the public records, the gravamen of plaintiffs' cause of action was the alleged fraudulent representations of Jasper Crain that the property was unincumbered.

It is not contended that Schenck participated in this fraud.

Crain had the right to sell his individual interest in the property subject to the incumbrances, and it is not believed that because the law would impute to Schenck notice of the existence of this incumbrance, it would also impute to him knowledge of the fraud of Crain in making such sale.

This sale by Crain was not a partnership transaction of J. Crain & Co., but of Crain's individual interest only, and hence the law would not in this transaction also impute to Schenck notice of the facts, as it would had the sale been within the scope of the partnership.

The second assigned error is, that the court erred in rendering judgment for the amount of said $500 note, when, as the record shows, the same was given for an antecedent and pre-existing debt, and would not therefore be sufficient consideration to make defendant Schenck an innocent holder of the note for $787.50.

It is now the settled law of this court that the transfer of a negotiable promissory note as collateral security, is a transfer in due course of trade and for a valuable consideration. Greneaux *v.* Wheeler, 6 Tex., 515; Blum *v.* Loggins, *ante,* 121; Swift *v.* Tyson, 16 Pet., 1.

The sixth assigned error is, that the court erred in not rendering judgment over against the defendants Jasper and Silas Crain, in favor of plaintiffs, under their prayer for general relief, for the amount of the judgment in favor of Schenck against them.

The object of plaintiffs' suit was the cancellation of their

note to Jasper and Silas Crain, and for this they specially prayed.

Although it was very appropriate that in this suit plaintiffs should have had judgment over against Jasper and Silas Crain for the amount of the judgment against them in favor of Schenck, yet this was not made an issue in the case, and the attention of the court seems not to have been called to it in the motion for a new trial or otherwise. Under the case as presented, the failure to give such relief is not sufficient to reverse the judgment.

The seventh assigned error is, that the court erred in not rendering judgment against Jasper Crain in favor of Schenck, upon the $500 note set out in his cross bill, before giving judgment against plaintiffs for the amount thereof.

This was only a subordinate issue in the case, and seems also not to have been called to the attention of the court.

The production, however, of the note for $500 given by Jasper Crain to Schenck, in connection with the other testimony, was sufficient to make such *prima facie* case in favor of Schenck against Crain, as authorized the court, the same not having been rebutted, to render the judgment for the amount of this note and interest in favor of Schenck against plaintiffs.

The eighth assigned error is, that the court erred in overruling plaintiffs' motion for a new trial.

Under the motion as made, the plaintiffs could not demand as a legal right that they should have a new trial; and though all the circumstances of the case would seem strongly to have appealed to the discretion of the court in favor of the motion, yet there is not such an apparent abuse of this discretion as would authorize a reversal of the judgment.

It is also assigned as error that the judgment failed to properly apportion the costs.

We think this assignment well taken.

Schenck, Wright and McDonald should have recovered of the plaintiffs all costs by them expended, and plaintiffs should have recovered of Jasper and Silas Crain all the remaining

costs, and to this extent the judgment is reformed, but in all other respects affirmed.

As there was no motion made in the court below to reform this part of the judgment, or the attention of the court otherwise called to it, the costs in and about this appeal will be adjudged against plaintiffs in error.

REFORMED AND AFFIRMED.

[Opinion delivered June 4, 1880.]