### S. M. THOMPSON V. GAINESVILLE NATIONAL BANK.
#### (Case No. 5637.)

1. GARNISHMENT—OVERDUE NOTE—ASSIGNMENT—It is well settled that the maker of an overdue note can be garnished for a debt due the owner. The note could not be assigned free from such defences as the maker could set up against the assignor ; the garnishment proceedings would be a good defence, and the maker would be fully protected when compelled to pay the amount of the note to the plaintiff in garnishment.

2. SAME—DATE OF JUDGMENT—The weight of authority is that if the note is due and owned by the payee at the time judgment in garnishment is rendered, the maker is liable to such judgment, though at the time he was served the note had not matured.  (Drake on Attch., secs. 587, 588 ; Bassett *v.* Garthwaite, 22 Tex., 230.)

3. SAME—BURDEN OF PROOF—The burden of proof is on the plaintiff to show that the payee has not transferred the note before maturity ; otherwise the garnishee must be discharged.

4. SAME—SETTLEMENT OF NOTE BY MAKER—LIABILITY—If the maker, after being cited in the garnishment proceedings, and while the note is still owned by the payee, and overdue, settles it with the payee, there is no reason why he should be protected against a judgment in the garnishment proceedings.

APPEAL from Cook.    Tried below before the Hon. F. E. Piner. The opinion states the facts.

*Potter & Smith*, for appellant.

*Stuart & Bailey*, for appellee, cited :    25 Tex., 456; Bassett *v.* Garth-waite, 22 Tex., 231; Jemison *v.* Scarborough, 56 Tex., 358; Drake on Attch., sec. 667; 56 Am. Dec., 237.

WILLIE, CHIEF JUSTICE.—The Gainesville National Bank obtained a judgment against A. J. Addington, and on June 20, 1885, had a writ of garnishment sued out thereon, and served upon the appellant, Thompson.    On November 2, 1885, Thompson filed his answer denying any indebtedness to Addington, or having any effects of his in possession, either at the date of serving the writ or of making the answer.    This answer was controverted by the bank on the ground that on July 12, 1884, Thompson executed a note to Addington, payable twelve months after date, and that this note at the time the writ was served was held as collateral by one Smith to secure a debt due to Smith from Addington.    The terms of the note as stated in the contesting affidavit showed that it matured previous to the filing of the answer, though it was not due when the writ of garnishment was served.

The proof before the judge who tried the cause, without a jury, was conflicting in some important respects bearing upon the liability of the note to the garnishment proceeding.    The judge subjected the note to the garnishment.    In passing upon his judgment we must, in case of conflict of evidence, treat as true the testimony to which he must have given credence in making up his conclusions.    The case before us, therefore, is that of a garnishee indebted to the judgment defendant upon a negotiable note, not due when the writ was served, but maturing before answer filed, and paid before that time, but after maturity, to the judgment defendant, he being at the time still owner of the note.

The law is well settled that the maker of an overdue note can be garnished for a debt due the owner.    The note cannot be assigned to an innocent holder, free from such defences as the maker could set up in a suit against him by the assignee.    Garnishment at suit of the assignee's creditor would be a good defence, and hence the maker is fully protected when compelled by judgment to pay the amount of the note to the plaintiff in garnishment.    It seems settled, too, by the weight of authority that if the note is due and owned by the payee at the time judgment in garnishment is rendered, the maker is liable to such judgment, though, at the time he was served, the note had not matured. Drake on Attch., secs. 587, 588.

The authorities recognize the right to charge the maker after the note matures, provided, that at the date of serving the writ, the note

was the property of the payee. Bassett *v.* Garthwaite, 22 Tex., 230, and other cases cited in note to sec. 623, Sayles' Treatise.

This is, in effect, to require the maker to answer as to his indebtedness upon a note not due, so that the plaintiff may charge him in garnishment by showing that it belonged to the defendant when service was made, and had since matured, and was still the property of the defendant. The law exempts the maker from a judgment in garnishment whilst the note is current, because he would not otherwise be protected by the judgment from his liability to the holder, But, if he is fully protected by the judgment, there is no reason why one should not be rendered against him, though the note was not due when the writ was served.

Protection being secured to the maker, the reason of the law for not subjecting him to garnishment has ceased, and the plaintiff should be entitled to the benefit of his indebtedness to the defendant. He may not be able to secure this benefit without proceeding before the note became due. It is this that lays the foundation for a judgment after the maturity of the note, and to obtain this judgment he must be allowed to have an answer as to the condition of the indebtedness at the date of the service, to prove, if he can, that it was a debt upon a note, though negotiable and current, and that, at the time of service, the note belonged to the defendant.

This does not interfere with the maker's rights in the least, for, if the note thereafter and before maturity, has been assigned, the judgment cannot be rendered. The burden of proof is on the plaintiff to show that the payee has not transferred the note before maturity, otherwise the garnishee must be discharged. As to what effect a transfer after maturity would have, we need not now determine.

But the protection afforded the maker of the note is against a transfer by the payee to other parties. It is only in this event that he can be endangered by a judgment in garnishment. No other disposition of the instrument before judgment subjects him to a suit by any other person than the payee, and to a suit by him the judgment in garnishment is a full defence. Against the maker's own collusion with the payee to defeat the plaintiff's right to the judgment, the law does not protect him.

If, as in this case, whilst the note is still owned by the payee, and overdue, and not liable to pass to an innocent holder, the maker settles it with the payee, there is no reason why he should be protected against a judgment in the garnishment proceedings. He has voluntarily paid a debt due from him to the defendant, which the latter could not have recovered.

After judgment against the garnishee in favor of the plaintiff in garnishment, with full notice that the plaintiff had laid the foundation for such a judgment, he has paid the note, not for his own protection, but to enable the defendant to avoid the payment of a debt, which the plaintiff was entitled to enforce against him, and which he might have enforced, but for this collusion between the defendant and the garnishee.

It being perfectly apparent that none of the reasons why the maker of negotiable paper, current at the date of serving the writ of garnishment, should be exempt from the proceedings are applicable to the present case, and that neither the maker nor any innocent holder of the paper are in the least prejudiced by the garnishment, we are of opinion that the case presented was a proper one for a judgment against the garnishee.

The same conclusions have been reached in the courts of one other state, and we are pointed to no decisions to the contrary. Leslie v. Merrill, 58 Ala., 322. Whether the same rule would hold if the note had been paid before maturity we are not called upon to decide in the present appeal.

We are of opinion that the judgment below is correct, and it is affirmed.

AFFIRMED.

[Opinion delivered April 30, 1886.]