THOMSON et al. v. FINDLATER HARDWARE CO. et al.

(Court of Civil Appeals of Texas. Austin. April 9, 1913.)

1. GARNISHMENT (§ 70*)—JURISDICTION.
   The county court has jurisdiction of a garnishment against the maker of a note retaining a vendor's lien instituted by a judgment creditor of the payee of the note.
   [Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 70.*]

2. GARNISHMENT (§ 96*)—JURISDICTION.
   A writ of garnishment is properly returned to the court rendering the judgment on which the writ is issued.
   [Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 189–195; Dec. Dig. § 96.*]

3. PLEDGES (§ 21*)—ASSIGNMENT OF NOTE AS COLLATERAL—RIGHTS OF PARTIES—"PAYEE."
   An assignment by the payee of a note as collateral for the payment of debts less than the amount of the note makes the assignee the owner thereof to the extent of the debts, but the payee is the equitable owner to the amount of the excess; the word "payee" meaning the person to whom the note shall be paid.
   [Ed. Note.—For other cases, see Pledges, Cent. Dig. § 45; Dec. Dig. § 21;* Bills and Notes, Cent. Dig. § 494.
   For other definitions, see Words and Phrases, vol. 6, p. 5247.]

4. PLEDGES (§ 46*)—ASSIGNMENT OF NOTE AS COLLATERAL—COLLECTION OF NOTE BY ASSIGNEE—LIABILITY.
   An assignee of a note as collateral for a debt less than the amount of the note is on his collection of the note a trustee for the payee of the excess.
   [Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 109, 110; Dec. Dig. § 46.*]

5. ATTORNEY AND CLIENT (§ 182*)—LIEN OF ATTORNEY.
   Where an assignee of a note as collateral for a debt less than the amount thereof collected the full amount of the note, he could appropriate the excess in satisfaction of his lien as an attorney for professional services rendered.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

6. ATTORNEY AND CLIENT (§ 182*)—LIENS.
   At common law an attorney has a lien for the amount due him for professional services on all papers and money belonging to his client coming into his possession, but his lien on the papers is only passive, and cannot be enforced, and he may only retain them until his claim is paid.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

7. ATTORNEY AND CLIENT (§ 182*)—LIENS.
   An attorney, though having a lien on money collected by him for his client for services rendered, has no lien for the debt in the hands of the debtor before the money has been collected.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

8. GARNISHMENT (§ 41*)—MAKER OF NEGOTIABLE NOTE—LIABILITY AS GARNISHEE.
   A garnishee is not liable on a negotiable note before its maturity, and his voluntary payment thereof into court in answer to a garnishment does not defeat the claim of the holder thereof, but he is liable to the garnishor

on the note after maturity, where the debtor against whom the garnishment is obtained is the owner of the note, and this is true whether the writ' was issued before maturity where the answer of the garnishee is filed after maturity.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 78–81; Dec. Dig. § 41.*]

9. GARNISHMENT (§ 114*)—MAKER OF NOTE AS GARNISHEE—RIGHTS OF PARTIES.

Where a judgment creditor of the payee of a note assigned to a third person as collateral for a sum less than the amount of the note garnished the maker, he obtained a lien on the debt evidenced by the note for an amount in excess of the debt for which it was assigned as collateral, and the third person in possession of the note and entitled to an attorney's lien to the extent of the payee's interest had no lien on the money paid thereon, but the maker must pay the same to the garnishor.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 233; Dec. Dig. § 114;* Banks and Banking, Cent. Dig. § 328.]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Garnishment proceedings by the Findlater Hardware Company, a judgment creditor of Hugh Jackson, against George Allen, in which J. T. Thomson intervenes. From a judgment for plaintiff in garnishment, J. T. Thomson and another appeal. Affirmed.

J. T. Thomson and I. J. Curtsinger, both of San Angelo, for appellants. Thomas & Mc-Carty, of San Angelo, for appellees.

## Findings of Fact.

JENKINS, J. On March 23, 1909, appellee Geo. Allen purchased from O. B. Sampson certain real estate, and executed to said Sampson, in part payment, his promissory note for $300, due three years after date; a vendor's lien being reserved to secure the payment of said note. On April 20, 1909, said Sampson indorsed said note without recourse to S. K. P. Jackson, the father of appellant Hugh Jackson. Hugh Jackson was in fact the owner of an undivided interest in said note. On January 6, 1912, Hugh Jackson indorsed said note in blank, and delivered same to appellant Thomson, with the express agreement that Thomson should hold the same as collateral security for a note of $50, which said Hugh Jackson owed to said Thomson; and with the further agreement that said Thomson should collect said note, and out of the proceeds of same pay one F. T. Scott the sum of $33 owing by said Jackson to said Scott. Prior to the delivery of said note to Thomson, $110 had been paid thereon, and applied on Hugh Jackson's interest therein. At the time of the delivery of said note to Thomson, Hugh Jackson was indebted to Thomson for various legal services during the past two years, the amount of which he did not know, and he expected that Thomson, when he collected said note, would pay himself out of the proceeds of the same the amount so due him for' such services, though nothing was said in reference to this. The legal services theretofore rendered by

said Thomson to said Jackson were of the reasonable value of $75. S. K. P. Jackson died during the year 1911, leaving as his heirs a surviving widow, a daughter, and his son Hugh Jackson. Said note was due March 23, 1912; the last day of grace being March 26, 1912. On that day appellees Findlater & Co., who had theretofore obtained a judgment in the county court of Tom Green county against Hugh Jackson for the sum of $317.17, sued out on said judgment, and had served on said Allen a writ of garnishment. On the 15th day of April, 1912, said Allen filed his answer in said garnishment proceedings, and thereafter, on. July 13, 1912, filed an amended answer, in which he admitted the execution of said note to said O. B. Sampson, and alleged the transfer of said note by said Sampson to S. K. P. Jackson, and the indorsement of said note by Hugh Jackson to appellant Thomson, alleging upon information and belief that said Hugh Jackson was the owner of a one-half interest in said note, and alleging the payment of $110 thereon; the death of said S. K. P. Jackson; the names of his heirs; the transfer by the heirs of said S. K. P. Jackson on April 16, 1912, of their interest in said note to said Thomson; also the transfer by indorsement in blank of said note to said Thomson; also alleging his willingness to pay the balance due on said note to whomsoever it might be due, and praying that said Hugh Jackson and said Thomson be made parties to this proceeding, and said Allen tendered into court the full amount due on said note. We should have stated that said Allen excepted to the jurisdiction of the county court on the ground that the note in question was a vendor's lien note, and that a lien was retained in the deed to secure the payment of the same.

Appellant Thomson intervened in said suit, claiming that he was the legal and equitable owner of said note by reason of the facts hereinbefore stated, and that he had a lien on said note to secure the payment of the amount due him for attorney's fees, as hereinbefore stated. He also excepted to the jurisdiction of the court, and protested against the payment of said money into court by said Allen, and denied the power of said court to make application of the funds so paid into court. Appellees Findlater & Co. contested the answer of said Allen and the claim of said Thomson for said $75 for legal services, alleging that said Thomson had no lien on the debt evidenced by said note for such services.

Upon trial of the case before the court judgment was rendered that one-half of the amount of the note, principal, and interest transferred by the heirs of S. K. P. Jackson, less the interest inherited by Hugh Jackson, be paid over to appellant Thomson, and also that he be paid the sum of $50 for which said note was held as collateral, and the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

sum of $33 due said Scott, and that the balance, principal, and interest of said note, amounting to the sum of $33.36, be paid to Findlater Hardware Company, plaintiff in said garnishment proceedings.

### Opinion.

[1] 1. As this was not a suit to foreclose the vendor's lien retained in said note, the objection to the jurisdiction of the court by reason of the vendor's lien being so retained was not well taken.

[2] 2. The judgment upon which the writ of garnishment was issued having been obtained in the county court of Tom Green county, said writ was properly returned to said court. Simmang v. Ins. Co., 102 Tex. 39, 112 S. W. 1045, 132 Am. St. Rep. 846.

[3] 3. The assignment of the note to Thomson as collateral for the $50 note owing to him by Hugh Jackson, and for the payment of the $33 due by Jackson to Scott, was in the due course of trade, and to that extent Thomson was the owner of said note. Liddell v. Crain, 53 Tex. 555; Kauffman v. Robey, 60 Tex. 316, 48 Am. Rep. 264; Marx v. Dreyfus, 26 S. W. 232; Jackson v. Fawlks (Sup.) 20 S. W. 136.

4. But, where a note has been transferred as collateral security for a debt less than the amount of said note, the payee is still the equitable owner of said note to the amount of the excess over the debt for which the note had been transferred as collateral. Jackson v. Fawlks, supra; Stock Co. v. B. & T. Co., 111 S. W. 420; Huyler v. Dahoney, 48 Tex. 240.

5. By payee is meant the person to whom the debt should be paid. Seastrunk v. P. S. & L. Co., 34 S. W. 466.

[4, 5] 6. Had Thomson collected the full amount of the note, he would have received the excess over said $50 and $33 as trustee for Hugh Jackson. Wright v. Hardie, 88 Tex. 657, 32 S. W. 885. But in such case, by virtue of the fact that an attorney has a lien on the money of his client coming in his hands for all amounts due him for professional services, he might have appropriated such excess to the payment of such services, which in this case is shown to be $75.

7. The court having allowed Thomson out of the money paid into court on said sums of $50 and $33, as well as all of said money due to the heirs of S. K. P. Jackson, other than said Hugh Jackson, and having disallowed Thomson's claim for said $75, due him by Hugh Jackson, the only issue for us to decide is as to the action of the court in reference to said $75. That is to say, did Thomson have a lien on said debt for the $75 due him by Hugh Jackson by virtue of said note having been placed in his hands for collection?

[6] 8. In many of the states attorney's liens are regulated by statute; but, as we have no statute in this state on this subject, we must look to the common law for author-

ity on this issue. At common law an attorney has a lien for the amount due him for professional services on all papers and money belonging to his client coming into his possession. An attorney's lien on the papers of his client is, however, only a passive lien, and cannot be actively enforced. That is to say, he cannot sell said papers under process to foreclose his lien, as may a pledgee or mortgagee in other cases, but his lien extends only to the right to retain such papers until his debt is paid. Casey v. March, 30 Tex. 181; 4 Cyc. 1005, and 1023; 3 Am. & Eng. Ency. Law, pp. 454, 464; Jones on Liens, § 132.

[7] 9. While an attorney has a lien on money collected by him for his client, he has no such lien for the debt in the hands of the debtor before such money has been collected. Able v. Lee, 6 Tex. 431; Randolph v. Randolph, 34 Tex. 185; Casey v. March, supra; Sexton v. Pike, 13 Ark. 193; McDonald v. Napier, 14 Ga. 89; Tillman v. Reynolds, 48 Ala. 365; Jones on Liens, supra; Hargett v. McCadden, 107 Ga. 773, 33 S. E. 666.

[8] 10. While the garnishee is not liable on a negotiable promissory note before the same is due, and his voluntary payment of said note into court in answer to a writ of garnishment would not defeat the claim of the holder of such note, he is liable to the garnishor on such note after maturity, if it be shown that the debtor, against whom such writ of garnishment is obtained is still the owner of such note, and it makes no difference that the writ was issued before the maturity of such note where the answer of the garnishee is filed after maturity. Thompson v. Bank, 66 Tex. 156, 18 S. W. 350.

[9] 11. By virtue of the writ of garnishment served on Allen, the maker of the note in question, Findlater & Co. obtained a lien on the debt evidenced by said note to the extent of Hugh Jackson's interest therein, which, as we have stated, was the amount due him, less the $33 belonging to Thomson by virtue of said note's having been assigned to him as collateral security for that amount, and the court properly rendered judgment in favor of Findlater & Co. for such amount.

12. Thomson was shown to have still been in possession of said note at the time of the trial, and by virtue of such possession he had a lien on said note as to whatever interest his client, Hugh Jackson, had therein. But Jackson could have no interest in said note after the payment of same; and Findlater & Co. having secured a lien on Jackson's remaining interest in said note by virtue of the service of the writ of garnishment on Allen, the payor in said note, Allen was legally bound to pay the same to Findlater & Co., and the payment of the amount due on said note into court for the benefit of the parties entitled to the same was, in law, the full payment of said note.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.