## DOUGLAS v. NAGLE. (No. 2269.)

Court of Civil Appeals of Texas. El Paso.
Feb. 21, 1929.

Douglas, Carter & Black, of San Antonio, for appellant.

Thomas Y. Banks, of San Antonio, for appellee.

HIGGINS, J. This is an appeal from an order temporarily enjoining appellant from selling a tract of land under power conferred by deed of trust.

The suit is by appellee, Nagle, against H. A. Cartwright and wife, Mary Belle Cartwright, L. E. Cartwright, appellant Douglas, trustee, and others not necessary to mention.

Briefly stated, the facts shown by the verified petition are as follows:

May 17, 1927, H. A. Cartwright and wife, by general warranty deed, conveyed to Pauline Harper a tract of land in the city of San Antonio, in part payment for which the grantee and her husband executed their note to the order of said grantors in the sum of $1,416.50, payable in monthly installments of $35 each, secured by vendor's lien and deed of trust on said land. November 4, 1927, Pauline Harper and husband conveyed the land to appellee, Nagle, the deed reciting that the conveyance was subject to the foregoing incumbrance of $1,416.50, but "it was, nevertheless, the express understanding and agreement of the parties that the said Nagle should pay the same, and should hold the said Pauline Graham Harper and husband, W. H. Harper, harmless therefrom."

On or before December 10, 1927, the holder of said note declared same due for default in the payment of some of the monthly installments, and directed Hon. W. C. Douglas, as trustee, to sell said land to pay the note as authorized by the deed of trust, and Judge Douglas advertised the land for sale. On December 31, 1927, a writ of garnishment was issued against and served upon appellee based upon a judgment for $1,467.40, theretofore rendered in favor of C. H. Graves against H. A. Cartwright and Lee Hickerson. Before answering the writ, appellee investigated the records of Bexar county, and ascertained that H. A. Cartwright and wife were the record owners of the note above mentioned, and same was either the separate property of H. A. Cartwright or community property of said Cartwright and wife; appellee also inquired of L. E. Cartwright as to the ownership of the note, and was informed by him that H. A. Cartwright was the

owner thereof, and he (L. E. Cartwright), was as agent for H. A. Cartwright, attending to the collection thereof. Relying upon the information indicated, appellee answered the writ of garnishment, admitting his indebtedness to H. A. Cartwright upon said note, and upon such answer judgment was rendered against him for $1,416.50. After appellee had answered in the garnishment suit, L. E. Cartwright filed for record in Bexar county a transfer to him of said note and lien from H. A. Cartwright and wife.

Judge Douglas answered by general and special exceptions, general denial and special plea, setting up that on December 6, 1927, H. A. Cartwright and wife transferred the note and lien to L. E. Cartwright for value, who acquired same in good faith and without notice of any defense thereto, and at that time said note was not matured; thereafter L. E. Cartwright declared same due for default in payment of installments then due, and directed the trustee to sell the land to satisfy the note. He further pleaded that Nagle merely acquired the property subject to the lien, and did not assume to pay the indebtedness against the land, and therefore was not contractually liable to pay the note.

Upon the hearing, the sale was temporarily enjoined. From this order the trustee alone appeals.

 It is well settled that an indebtedness upon a past-due negotiable note is subject to garnishment for a debt owing by the owner of such note. Thompson v. Bank, 66 Tex. 156, 18 S. W. 350. The note in this case was past due when the writ of garnishment issued. This is shown by the allegations of the petition and evidence adduced upon the hearing.

Three propositions are presented by appellant in support of the contention that appellee was not liable in the garnishment, viz.:

(1) Appellee acquired the mortgaged property "subject to the incumbrance"; therefore the relation of debtor and creditor between H. A. Cartwright and appellee was not created.

(2) L. E. Cartwright acquired the note prior to the garnishment; hence appellee was indebted to L. E. Cartwright, if indebted to any one upon the note.

(3) L. E. Cartwright was a necessary party to the present suit, and the trustee's sale could not be enjoined without bringing L. E. Cartwright "into court and giving him a hearing on the question."

While the deed from the Harpers to appellee recited the land was conveyed subject to the lien, it was permissible to show that, as a part of the consideration, Nagle agreed to pay off the incumbrance and hold the Harpers harmless therefrom. Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845. The allegations of the petition show such an agreement, and ap-

pellee became obligated to pay the note. The first proposition is thus without merit.

As to the second, the averments that L. E. Cartwright, in response to inquiry, informed appellee that H. A. Cartwright was the owner of the note and his connection therewith was as collecting agent for H. A. Cartwright and appellee's reliance upon such information in answering the writ, are plainly sufficient to estop L. E. Cartwright from claiming the right to foreclose as owner of the note.

As to the other question, L. E. Cartwright is joined as a party defendant. The fact that he had not been served with process or answered when the hearing was had upon the application for the temporary injunction did not deprive the court of power to temporarily enjoin the sale. As to all or any of the defendants, it was within the sound discretion of the court to proceed ex parte in hearing the application for the temporary injunction and in granting such relief.

Affirmed.