of Wybrants *vs.* Rice & Nichols. We believe that under the circumstances of the case, Rice & Nichols ought to have been made parties, as essential to the protection of the rights of both Wybrants and Dobbin; and that, until the respective rights acquired by the holder of the note and Rice & Nichols had been adjudicated, the judgment against the garnishee ought to have been enjoined. This may not now be necessary, as the judgment against the garnishee is reversed and he discharged, by the judgment of this court; and when the case goes back, it will be disposed of as though there had been no proceedings against the defendant as garnishee.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

---

SAMUEL W. WYBRANTS vs. RICE & NICHOLS — Error from Montgomery County.

The amount due on a negotiable note, supposed to have been negotiated and passed out of the hands of the payee, cannot be attached in the hands of the maker.

Case stated in the opinion of the court.

WILEY & MAXCEY for plaintiff in error.

WEBB for defendants.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The plaintiff in error was summoned as garnishee in the suit of Rice & Nichols against R. M. Hannay. In his answer he " stated that on the 7th day of June, 1846, he purchased of the said Hannay an amount of that estate, with the stock of merchandise in the store at Huntsville, Walker county, Texas; also all debts due said Hannay for merchandise sold at his mercantile establishment in said Huntsville; the consideration for which was paid to said Hannay in New Orleans, at the time of

the purchase by said Wybrants, except three hundred and eighty dollars; for which said Wybrants executed a promissory note, payable to Hannay *or bearer*, six months after date, being the tenth of June, eighteen hundred and forty-six; which said note, he has reason to believe, was negotiated long previous to service of this attachment or garnishment; as to who is the present holder or owner of said note, or who was at the above specified time, he does not know." On this answer, the district court gave judgment against him in favor of the plaintiffs in the attachment. In the rendition of this judgment the garnishee supposes the court to have erred, and asks its reversal.

The question is, can the amount due on a negotiable note, supposed to have been negotiated and passed out of the hands of the payee, be attached in the hands of the maker? We believe that this proposition must be answered in the negative, both on principle and authority. When the note has been negotiated, the maker does not owe the original payee. In fact, it is not easy for him to know to whom, or to what individual, he is indebted. He is owing whoever may be the owner or holder of his note, and cannot know who, until it is presented for payment. If it were otherwise, it would entirely destroy the negotiability of the paper, least the proceeds of the note should be condemned to the payment of a debt of the original payee.

In the case of Gaffrey *vs.* Brown [2 Bailey's R. 441] the rule is explicitly acknowledged, *that the maker of negotiable notes cannot be made garnishee in attachment by reason, and in respect to, the money due on them to the absent debtor.* [See, also, Allen *vs.* Morgan, 1 Stewart's R. 9.] In Missouri, it has been decided that a promissory note payable to order is subject to attachment while it remains in the hands of the payee. [Scott *vs.* Hill, 3 Mo. R. 88.] In Huff *vs.* Mills *et al.* [7 Yerger, 42], Judge CATRON says: "If garnishee answer that he executed the negotiable note or single bill, but does not know where it is or who holds it, he does not state that he is indebted to the debtor of the attaching creditor, and no judg-

ment can be given against him." See, also, Turner *vs.* Armstrong & Oglesby [9 Yerger, 412], in which the same doctrine is recognized by Judge REESE.

The judgment must be reversed, and the garnishee dismissed, with his costs against the plaintiff in the attachment, the defendant in error.