### Benjamin H. Bassett and another v. Garthwaite, Griffin & Co.

It may be regarded as the settled law of this court, that the maker of a negotiable note, cannot be charged as garnishee of the payee, so long as the note is still current as negotiable paper.

And he cannot be charged as such, after the maturity of the note, unless it be affirmatively shown, that, at the time of serving the writ of garnishment, the note was the property of the payee.

Where a judgment creditor proceeds by writ of garnishment, against the maker of a promissory note, alleged to belong to the judgment debtor, and a third party, claiming to be the owner and holder of the said note, intervenes in the proceeding, asserts his claim to the note, and prays judgment against the garnishee; and the correctness of the garnishee's answer is contested by the plaintiff, who alleges, in reply to the claim of the intervenor, that the note was not the property of the said intervenor, but belonged to the judgment debtor: Held, that although the answer was evidence against the garnishee, and when contested as to its correctness, evidence in his favor, until overborne by competent testimony, as between the garnishee and the plaintiff in the proceeding; yet, as against the intervenor, it was not competent; and the charge of the court, "that the answer of Browning, (the garnishee,) was evidence before them," was error, for which the judgment would be reversed.

See this case, for facts which were held insufficient to establish the allegation, that the note was owned, at the date of service of the writ of garnishment, by the defendant in that proceeding.

Where the intervenors come into court, and assert their property in the note, and present it to the court, the presumption of law is, that the note came into their hands before its maturity; and it is incumbent on the plaintiffs to show, that the note did not pass into the hands of the intervenors before its maturity, but that it was in fact the property of the defendant, (judgment debtor,) at the time of the service of the writ of garnishment.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

Affidavit for garnishment, filed January 1st, 1857, on which day the note became due, and the writ of garnishment issued. The note was payable to Bassett & Bassett, or bearer; and a petition, or bill of intervenor, was filed by Benjamin H. and Jefferson Bassett. The testimony showed that they prosecuted the claim on the note, for the benefit of Hart & Co.

The facts are stated in the opinion.

*Sayles*, for appellants. The court instructed the jury that Browning's answer was evidence. The court probably intended to say, that it was evidence against him, but the jury must have understood that it was evidence against all the parties, an effect which no one would seriously attempt to give it. While it may be doubted, whether the maker of a promissory note can be subjected to a writ of garnishment, it is clear that, in order to do so, it must be shown that at the time of the service of the writ, the note was in the hands of the debtor.

This note was payable to Bassett & Bassett, and there is no evidence, outside of Browning's answer, that Sheegog ever had any interest in it; and as against the appellants, Browning's answer is no evidence. There is no evidence that Sheegog ever owned the note, or had any control over it; or that it was in his hands at the service of the writ; nor that the appellees are creditors. It is believed, that the charge of the court misled the jury, and that the verdict is without evidence to support it.

*J. D.* and *D. C. Giddings*, for appellees.

BELL, J. The appellees, in this case, were judgment creditors of Sheegog & Wilson. They procured the issuance of writs of garnishment against the firm of Bassett & Bassett, attorneys at law, and also against one W. A. Browning. Browning answered that he was not indebted to the firm of Sheegog & Wilson, &c. He further answered, that in the month of November, or December, 1855, he rented a house and lot from Sheegog, and executed his note for the rent, amounting to the

sum of one hundred and twenty-five dollars; that he did not recollect whether the note was made payable to Sheegog, or to Bassett & Bassett; and that the note was due on the 1st of January, 1857. He answered, that, in January, 1857, J. Bassett, one of the firm of Bassett & Bassett, told him the note was in the hands of Sheegog; and that in February, 1857, Sheegog told him the note was in the hands of Bassett & Bassett. He prayed the judgment of the court, to whom he should make payment. The writ of garnishment to Browning, issued on the 1st day of January, 1857, and was served on the 6th of the same month. Bassett & Bassett also answered the writ of garnishment against them. The plaintiffs contested the answers of the garnishees, under the provisions of the statute. (Hart. Dig. Art. 50.)

Bassett & Bassett intervened, by leave of the court, alleging that they were the owners and holders of the note described in the answer of the garnishee, Browning; and they prayed judgment against Browning, for the amount of the note, &c. The plaintiffs answered the petition of the intervenors, and alleged that the note was still the property of Sheegog.

The court instructed the jury as follows: "If you believe "from the evidence, that the note given by Browning was the "property of Sheegog, at the time of the service of the writ of "garnishment, on the 5th day of January, 1857, you will find "for the plaintiffs. That any transfer of the note, after the "same became due, and after the service of the writ of gar- "nishment, would not defeat the plaintiffs' right to the proceeds " of the note. That the answer of Browning is evidence before " the jury. If you believe, from the evidence, that the note sued "on belongs to Hart & Co., and that they sue on it in the name "of Bassett & Bassett, you will find for Bassett & Bassett, "the amount of the note and interest."

The note, described in the answer of the garnishee, Browning, was read in evidence; also, the answers of all the garnishees. Bassett & Bassett testified, that, after the writs of

garnishment had been sued out, (as they believed,) the note was sent to them for collection by Hart & Co. of Houston; that they receipted to Hart & Co. for it; that Sheegog was then a clerk for Hart & Co.; and that they were Sheegog's attorneys. Jefferson Bassett also stated, that Browning was mistaken in saying that witness had informed him, in the month of February, 1857, that the note was in the hands of Sheegog, at that time, for witness did not know the fact.

There was a verdict and judgment for the plaintiffs. There was a motion for a new trial, on the ground that the court had erred in giving charges asked by plaintiffs; that the jury found contrary to the charge of the court, to the law, and to the evidence; and that the jury found for the plaintiffs, without evidence. The motion for new trial was overruled.

There are few subjects, properly belonging to the law merchant, that present to the courts more embarrassing questions than the general subject of the liability of the makers of mercantile paper, as garnishees of the payees of such paper. Even in reference to non-negotionable notes, difficulties have arisen, under different circumstances, in determining the liability of the makers, as garnishees of the payees. But as is well remarked by Mr. Drake, in his Treatise on the Law of Attachment, § 577, "any difficulties which, under any system, attend the garnish- "ment of the maker of an unnegotiable note, are trivial, when "compared with those which beset a like attempt in the case of "a negotiable note."

After treating of the general and well established principles, which lie at the foundation of the inquiry into the liability of the maker of a negotiable note, as garnishee of the payee, Mr. Drake states the following conclusion: "The maker of a nego- "tiable note, cannot be charged as garnishee of the payee, under "an attachment served before the maturity of the note, unless "it be affirmatively shown, that, before the rendition of the judg- "ment, the note had become due, and was then still the property "of the payee."

It may be considered as the settled law of this court, that the

maker of a negotiable note, cannot be charged as the garnishee of the payee, so long as the note is still current as negotiable paper. (Wybrants v. Rice & Nichols, 3 Tex. Rep. 458; and the case of Inglehart v. Moore, decided at Tyler Term, (April) 1858.

This subject is discussed by Mr. Sayles, in his late valuable work on Practice. From an examination of all the authorities, that gentleman deduces the following rule, which we believe to be the correct one : "The maker of a negotiable note cannot be "charged as garnishee of the payee of the note, *before its ma-* "*turity ;* and he cannot be charged, as such, after the maturity "of the note, unless it be affirmatively shown, that, at the time of "serving the writ, the note was the property of the payee." (Sayles's Practice, § 344.)

It is also stated, by Mr. Drake, to be a rule, from which there is no dissent, "that it is impossible to charge the garnishee, as "a debtor of the defendant, unless it appear affirmatively, that, "at the time of the garnishment, the defendant had a cause of "action against him, for the recovery of a legal debt, due, or "to become due by the efflux of time."

In the application of these principles to the case before us, we are met, at the outset of the attempt, by the fact, that the garnishment in this case, did not issue until the very day of the maturity of the note, and was not served on Browning, the maker of the note, until the fifth day after its maturity. It was incumbent on the plaintiffs, notwithstanding the service of the garnishment after the maturity of the note, to show affirmatively, that the note was the property of Sheegog, at the time of the service of the garnishment; because it might very well be, that the note had passed into the hands of a *bonâ fide* holder, before the service of the garnishment, and even before the maturity of the note; and unless it was made to appear to the court, that the note had not been transferred by Sheegog, before maturity, or before service on Browning of the writ of garnishment, the court could not declare, by its judgment, that Browning appeared to be indebted to Sheegog.

What, then, was the evidence in this case? The answer of Browning stated the fact of the execution of the note, and the time at which it matured. It also stated, that in January, Bassett told the garnishee that the note was in the hands of Sheegog ; and that in February, Sheegog told him that the note was in the hands of Bassett & Bassett. These statements, in themselves, had no definite signification, admitting them to be true. The writ of garnishment was served on Browning, on the 6th day of January. It might have been true, that the note was in the hands of Sheegog "some time in January," and yet not true, that it was in his hands at the time of the service of the garnishment. It might also have been true, that the note was in the hands of Bassett & Bassett, in February ; but it did not at all follow, from that circumstance, that the note was the property of Sheegog, in February, or at the time of the service of the writ of garnishment. Upon the answer, then, of the garnishee, Browning, the court could not properly have rendered a judgment for the plaintiffs, because it did not affirmatively appear, that the note was the property of Sheegog, at the time of the service of the garnishment.

But what was the effect of the answer of the garnishee, Browning, after it was contested, and after Hart & Co. had intervened, through the agency of Bassett & Bassett ?

When Browning answered the garnishment, according to the requirement of the law, his answer, of course, was evidence against himself. When it was contested by the plaintiffs, it was evidence against them, until overborne by competent testimony. But was it evidence against Hart & Co., when they intervened in the suit, and asserted their property in the note ? Surely not. It was proper for Hart & Co., when they had information of the proceedings against Browning, to intervene and assert their rights. But their rights would not have been at all affected, much less concluded, if they had not intervened. Let us suppose, then, that instead of intervening, in the suit of the appellees against Browning, Hart & Co. had brought an independent suit against Browning, on the note. It would not be

contended that, in such independent action, Browning could give evidence for himself against Hart & Co. No more, then, can he do it, when Hart & Co. intervene in the suit of the plaintiffs against him.

From this, we conclude, that the court erred in instructing the jury, that the answer of Browning was evidence before them. The real controversy, on the trial, was between Hart & Co. and the original plaintiffs, Garthwaite, Griffin & Co. Browning had stated all that was within his knowledge, fully and fairly, as it was his duty to do; and his only concern, in the suit, was to ascertain to whom he could lawfully make payment of his debt. The instruction of the court then, must have been taken by the jury, to refer to the real controversy between Hart & Co. and the plaintiffs, and to have a bearing on that controversy. That the jury so understood the instruction, is manifest, for aside from the answer of Browning, there was no particle of evidence, that the note was the property of Sheegog, at the time of the service of the garnishment. When Hart & Co. came into court, and asserted their property in the note, and presented the note to the court, the presumption of law was, that the note had come into their hands before its maturity, and it remained for the plaintiffs, Garthwaite, Griffin & Co., to show affirmatively, not only that the note did not pass into the hands of Hart & Co. before maturity, but that it was, in fact, the property of Sheegog, at the time of the service of the writ of garnishment. This they failed to do. We think there was error in the charge of the court, that Browning's answer was evidence before the jury, and that the motion for new trial should have been sustained. The judgment is reversed, and the cause remanded.

Reversed and remanded.