## GARTHWAITE, GRIFFEN & CO. v. HART & CO.

Interrogatories exhibited by the plaintiff to the defendant, and taken *pro confesso,* cannot be read in evidence against an intervenor, upon an issue solely between the latter and the plaintiff.

If the defendant be competent to testify, in respect to matters which may affect the interest of the intervenor, his testimony should be taken according to the usual mode of taking that of any other witness.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

This was a suit by Garthwaite, Griffen & Co., commenced on the 1st January, 1857, by writs of garnishment, against Bassett & Bassett, attorneys at law, and also against one W. A. Browning, to enforce the collection of their judgment against Sheegog & Wilson.

Browning answered, that he had given a note for $125, for the rent of the defendant's (Sheegog's) house, but did not recollect whether it was payable to Sheegog, or to Bassett & Bassett; that in January, 1857, one of the firm of Bassett & Bassett, told him the note was in the hands of Sheegog, and that, in February, 1857, Sheegog told him the note was in the hands of Bassett & Bassett; and prayed the judgment of the court, to whom he should make payment.

Bassett & Bassett intervened, and claimed to be the owners and holders of the note; and, before the trial, amended their pleadings, and alleged that they held the said note for, and as

the agents and attorneys of E. J. Hart, Isaac N. Marks and B. B. Hart, a mercantile firm, under the style of Hart & Co., and substituted them as intervenors in their stead.

The petition filed by Bassett & Bassett, intervening in the suit, alleged that the note described by Browning, was originally made payable, and delivered to them, for a valuable consideration, and that they still held and owned it; and prayed judgment against Browning, for the amount thereof. The note was dated November 12th, 1855, and was payable to Bassett & Bassett, on the 1st of January, 1857.

The plaintiffs contested the facts stated in the petition of the intervenors, and alleged, that at the time of the service of the writ of garnishment on Browning, Sheegog was, in fact, the owner of the note; and that Sheegog & Wilson were fraudulently seeking to avoid the payment of the plaintiff's judgment.

Hart & Co., claimed to have owned the note, and to have placed it in the hands of Bassett & Bassett, before the issuing or service of the writs of garnishment, and, on the trial, adduced evidence to prove it.

Sheegog filed no answer, nor offered any evidence. The interrogatories propounded to him by Garthwaite, Griffen & Co., required him to answer, whether the note was not given for the rent of his house? Why it was made payable to Bassett & Bassett? Did they own the note, or did it belong to him? Was it in his hands on or after the 1st of January, 1857? When did he send the note to Bassett & Bassett; was it not subsequent to January 1st, 1857? And also other interrogatories, tending to establish the same issue as the foregoing. The other facts appear from the opinion.

Judgment was rendered on the verdict, in favor of the intervenors, Hart & Co., against Browning, for the amount of the note, with interest. The case was before this court on a previous occasion, and is reported in 22 Texas Rep. 230.

*Sayles & Bassetts,* for the defendants in error.

BELL, J.—We are of opinion, that there is no error in the judgment of the District Court. The questions presented by the record, are the same as were presented, when the cause was before this court, at a former term, (22 Texas Rep. 230,) with the single exception of the question raised by the bill of exceptions of the plaintiffs, in relation to the admissibility of the testimony, or what was sought to be used as the confessions of B. E. Sheegog.

The statute of 1858, (Oldham & White, Art. 481,) provides, that either party to a suit, may examine the opposing party, as a witness, either personally in court, or upon interrogatories, filed in the cause. The 5th section of the statute also provides, that when a party, who is interrogated, refuses to answer, or answers evasively, the interrogatories addressed to him shall be taken for confessed. In this case, the plaintiffs propounded written interrogatories to Sheegog, one of the judgment debtors; Sheegog declined to answer them, and, on the trial, they were offered by plaintiffs, who asked that they might be taken for confessed. The effect of this would have been, to have taken the questions propounded to Sheegog, as confessed against the intervenors, Hart & Co.; for the only controversy, was between Garthwaite, Griffen & Co., and Hart & Co. To this controversy, Sheegog was not a party, in any such sense as would entitle the plaintiffs to have interrogatories addressed to him, taken for confessed, upon his refusal to answer them.

If Sheegog was a competent witness for the plaintiffs, Garthwaite, Griffen & Co., against the intervenors, Hart & Co., (and we do not mean to say that he was not,) then his testimony should have been taken in the same manner as the testimony of any other witness; and upon his refusal to answer interrogatories addressed to him, the law furnishes the means to compel him to answer.

We think the verdict was fully sustained by the testimony, and that there is no error in the judgment. The judgment of the court below is therefore affirmed.

Judgment affirmed.