S. P. EMERSON v. H. G. BEDFORD ET AL.

Decided May 27, 1899.

**Deed Includes Streets, When.**

A deed of several blocks of land separated by streets conveys title to the intervening streets, where the grantor laid out the land in blocks and streets, and the grantee accepted a conveyance with reference to the plat, and the streets were never opened or otherwise used or accepted by the public. Following Bond v. Railway, 15 Texas Civil Appeals, 281.

APPEAL from Knox. Tried below before Hon. S. I. NEWTON.

*Jo. A. P. Dickson, Fitzhugh & Smith,* and *Stephens & Chase,* for appellant.

*Morgan & Coombs,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—H. G. Bedford and wife brought this suit in the District Court of Knox County to enjoin a writ of possession in favor of S. P. Emerson, issuing from the District Court of Dallas County upon a judgment to which H. G. Bedford, but not his wife, was a party defendant. This writ directed the sheriff of Knox County, who was also made a party to this suit, to place appellant in possession of blocks 128, 129, 177, 178, 179, 180, and the north half of blocks 127, and 176, in the town of Benjamin, in Knox County. These blocks, with the intervening streets, had thus been laid off:

Bedford and wife occupied a dwelling house situated upon Rawdon and East Streets, where they cross each other, and sought by injunction to limit the scope of the writ of possession to the blocks separated by and abutting on the streets, upon the ground that no title to the streets passed to appellant by the conveyance of the surrounding blocks.

This view was adopted by his honor the district judge, and judgment was entered in accordance therewith, as will be seen from his second conclusion of law, reading: "The judgment passing the title of the four blocks of land adjoining the streets on each side to defendants did not pass the title to the lands in the streets."

The fourth conclusion of fact reads: "At the time they conveyed the streets H. G. and F. E. Bedford owned the four blocks of land which said streets divide."

The deed referred to in this conclusion was made and recorded in March, 1890, with the accompanying plat as indicated above, but no person was named as grantee, the concluding clause of the deed reading: "And we herein and hereby relinquish all our respective rights, title, or interest in and to any and all lands included or contained inside the limits of said streets, to be the common property of the general public for their use and behoof forever."

It seems, however, that these streets were never opened and used or otherwise accepted by the public, but that did not affect the rights of the subsequent grantees of the blocks taking conveyances with reference to the streets. What, then, is the legal effect of a deed conveying several blocks of land separated by streets, as between the grantor who has laid off the land into blocks and streets and the grantee of the blocks who has accepted a conveyance thereof with reference to such plat?

This question is answered for us by the opinion of Chief Justice Lightfoot in Bond v. Railway, 15 Texas Civil Appeals, 281, in which case a writ of error was denied. The authorities are there cited and quoted from, and we can add nothing to what is so well stated in that opinion.

It results that the deed under which appellant deraigned title, conveying the blocks on both sides of the streets, had the effect of conveying the title to the intervening streets themselves, just as effectually as if they had been expressly included. The judgment of like import should be given like effect.

Therefore, upon the uncontroverted facts so briefly set forth in the statement of facts and in the court's conclusions of fact, taken in connection with facts admitted in appellees' petition for injunction, the judgment is reversed and here rendered in favor of appellant.

*Reversed and rendered.*

Writ of error refused.