JAMES W. HARRIMAN *vs.* ERNEST C. WHITNEY.

Worcester.    September 30, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence*, Extrinsic affecting writings, Best and secondary.    *Boundary.*

Where, for the purpose of showing that certain acts of a superintendent of streets constituted a trespass, because they were done on land in the possession of the plaintiff and not in the adjoining highway, it is material to ·fix the side line of the street on which the premises abut, and it is conceded that it would be difficult if not impossible to determine the exact location of this line from the record of the lay out, if there is evidence of the existence of certain bounds, walls, fences and other structures and of certain statements made by a former owner bearing upon the location of the line, and there is other evidence in contradiction, the question of the location of the side line of the street is one of fact and must be submitted to the jury under suitable instructions.

TORT in the nature of trespass *quare clausum fregit.* Writ dated June 15, 1905.

At the trial in the Superior Court before *Wait,* J., the defendant contended that the plaintiff could not recover because he had failed to prove boundaries of his alleged close which included the locus of the alleged trespass. The judge so ruled, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. A. Stiles,* (*J. P. Carney* with him,) for the plaintiff.

*H. Parker,* (*J. F. Dervin* with him,) for the defendant.

MORTON, J.    The question in this case is whether there was any evidence warranting a jury in finding that the trespass was committed as alleged. We think that there was. The defendant admits that he made the excavation complained of and justifies it on the ground that it was within the limits of a public way, namely, a street called Nichols Street, and was done by him as superintendent of streets in the repair of the way. If the excavation was within the limits of the street as laid out then the justification was made out. But if there was any evidence warranting a finding that it was not, but was upon premises in the possession of the plaintiff, then the case should have been submitted to the jury. To show that it was upon premises

belonging to him the plaintiff put in evidence deeds under which he claimed title. These bounded the premises on the west by the line of Nichols Street. The exterior easterly line of Nichols Street was, therefore, the westerly boundary of the plaintiff's lot. *Hamlin* v. *Pairpoint Manuf. Co.* 141 Mass. 51. Nichols Street, or that part of it on which the plaintiff's premises abut, was laid out by the town in 1879. The defendant in effect concedes that, as the case was left at the close of the evidence on both sides, it would have been difficult if not impossible to determine the exact location of the easterly line of the street from the record of the layout. The question of the location of the last line of the street was a question of fact. Evidence of the existence of certain bounds, walls, fences and other structures and of certain statements made by a former owner was introduced by the plaintiff and, taken in connection with other evidence in the case, tended to show, if believed, that the line was where the plaintiff contended that it was, and that the excavation was on his premises. Contradictory evidence was introduced by the defendant. But the weight to be given to and the inferences to be drawn from the evidence were plainly for the jury. We do not see how it could be ruled as matter of law that there was no evidence warranting them in finding that the line was where the plaintiff contended that it was, or that the defendant had not trespassed upon the premises described in the amended declaration. The case should have been submitted to the jury under suitable instructions.

*Exceptions sustained.*