## WAPLES–PAINTER CO. v. ROSS et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 25, 1911. Rehearing Denied Dec. 23, 1911.)

1. MUNICIPAL · CORPORATIONS (§ 663*) — STREETS — OWNERSHIP BY ABUTTING OWNERS.

One owning a lot fronting on the street owns the fee to the center of the street, subject only to the public easement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1438–1440; Dec. Dig. § 663.*]

2. MECHANICS' LIENS (§ 34*)—SUBJECT-MATTER OF LIENS—SIDEWALKS.

Under Const. art. 16, § 37, providing that mechanics, artisans, and materialmen shall have a lien upon all buildings or articles made or repaired by them, laborers who built a sidewalk in the street in front of an abutting lot are entitled to a lien upon it.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 39; Dec. Dig. § 34.*]

3. INJUNCTION (§ 26*) — GARNISHMENT PROCEEDINGS.

Where the amount owing a contractor who constructed a sidewalk in front of defendant's lot was garnished by the contractor's creditor in a justice court, and no appeal was taken from a judgment for the creditor, the owner whose lot had been subjected to a mechanic's lien was entitled to enjoin the enforcement of the garnishment in the justice court.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 26.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by J. W. Flowers and others against J. W. Ross, Ancil H. Ross, the Waples-Painter Company, and another, in which defendants Ross prayed for an injunction against the Waples-Painter Company. From a judgment for plaintiffs and defendants Ross, the Waples-Painter Company appeals. Affirmed.

Stuart, Bell & Moore, for appellant. Davis & Thomason, for appellees.

SPEER, J. J. W. Flowers and others filed their petition in the district court of Cooke county against J. W. Ross, Ancil H. Ross, Peter Brunson, and the Waples-Painter Company, a corporation, to foreclose a materialman and mechanic's lien against a certain lot owned by the defendants Ross. The defendants Ross prayed that codefendant, the Waples-Painter Company, should be restrained from the enforcement of a judgment recovered by it in a garnishment proceeding in a justice's court, whereby it was sought to reach the fund, amounting to $52.50, which the Rosses admitted they owed to the contractor, Brunson, as a balance due for the construction of a sidewalk to their lot. The cause was tried before the court, who made and filed the following findings of fact, which we adopt:

"On November 5, 1909, there was filed in this cause an agreement, signed by all the parties to this cause, both plaintiffs and defendants, admitting the following facts to be true:

"(1) The county of Cooke owned the 40 acres of land mentioned in the petition, and divided the same into blocks, lots, and streets, reserving one block for courthouse and selling the remaining lots by deeds in the usual form, and describing them by lot and block number, substantially as alleged in the petition, and the defendants J. W. Ross and Ancil H. Ross, as tenants in common, own lot No. 4, in block No. 4, by regular chain of deeds from Cooke county, down to themselves, said J. W. Ross being a married man, and said Ancil H. Ross a single man, and for several years they and their mother, as partners, under the name of A. H. Ross & Son, have been conducting a hardware business in the two-story brick building upon said lot; said 40 acres, when so sold, having constituted the town of Gainesville, since incorporated under the general law, and now a city of about 10,000 inhabitants.

"(2) The defendant Peter Brunson, under contract with said J. W. Ross and Ancil H. Ross, constructed a cement sidewalk in front of said building for the price and in the manner alleged in petition, and the plaintiffs furnished the labor and material used in constructing said sidewalk, as alleged in petition, for the price therein stated.

"(3) There was instituted in the justice court of precinct No. 1, of Cooke county, the two suits Nos. 11,999 and 12,000, as alleged in the petition and answer, in which suits final judgments were rendered as therein stated, and no appeal was ever prosecuted from the judgment in either case; and in the garnishment suit the defendants J. W. Ross and Ancil H. · Ross did not request or seek to have the present plaintiffs made parties, and said judgments have not been satisfied, and at the time of the filing of this suit the Waples-Painter Company was proceeding to enforce the judgment in the garnishment case by execution. In the answer to the garnishment and upon the trial, said J. W. Ross and Ancil H. Ross insisted that the debt could not be garnished, and that these plaintiffs had a lien upon the property.

"This cause was submitted to me upon said admitted facts and none others were introduced in evidence and I herewith adopt

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

said admitted facts as my findings of fact herein."

Upon these findings the trial court concluded as follows:

"(1) Plaintiffs are entitled to recover judgment for the amount asked for in their petition herein against the defendant Peter Brunson; that they are entitled to recover lien on lot No. 4, block No. 4, in city of Gainesville, Cooke county, Tex., and a foreclosure of said lien on said lot of said defendants Ancil Ross and J. W. Ross.

"(2) I find that the defendants Ancil H. Ross and J. W. Ross are entitled to an injunction against Waples-Painter Company, restraining said Waples-Painter Company from the enforcement of the judgment in the justice court, precinct No. 1, in cause 12,000 on the civil docket of said justice court. I find that the fact that the city has an easement in said street does not separate same from said lot, so that improvements thereon will not occasion the creation of a lien on the whole lot, subject to the easement right to the street. And that J. W. Ross and Ancil H. Ross cannot be made to pay the debt twice, because Lyon-Gray Lumber Company were not parties to the case in the justice court, and because that court could not by any order have defeated their right to determine the question of their lien in the district court."

Judgment was entered according to these conclusions, and the Waples-Painter Company has appealed.

Article 16, § 37, of our Constitution reads: "Mechanics, artisans and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

[1, 2] While respectable authority to the contrary may be found, we think the weight of authority, as well as the better reason, supports the trial court's conclusion that a lien exists in favor of the artisans and materialmen who labor and furnish material for the construction of a sidewalk in the street adjacent to a lot abutting on such street. For a very clear discussion of the question, see Leiper & Mills v. Minning, 74 Ark. 510, 86 S. W. 407. The rule in this state is that the owner of a lot fronting on the street owns the fee to the center of the street, subject only to the easement of the public. Bond v. Tex. & Pac. Ry. Co., 15 Tex. Civ. App. 281, 39 S. W. 978; Emerson v. Bedford, 21 Tex. Civ. App. 262, 51 S. W. 889. It would follow, therefore, that a sidewalk placed in the street is none the less an improvement of the lot on which it is placed.

[3] The question with which we have had most difficulty arises from the court's conclusion that J. W. and Ancil H. Ross were entitled to an injunction against the Waples-Painter Company, restraining it from the enforcement of a judgment recovered by it in the justice's court in the garnishment proceeding. The facts show that that judgment became final, and that no appeal was ever taken from it. The contention of appellant that the justice's court had jurisdiction as an incident to the main question involved, to wit, the liability of the fund to the plaintiffs' writ, to determine whether or not the plaintiffs in this cause had a lien for their labor and material, and that its judgment, unappealed from, therefore, became final and binding on all parties to the suit, appeals very strongly to some of the members of this court, and but for the decision hereafter referred to they would be inclined to hold that the justice's court did have such jurisdiction (Melvin v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681), and that a due regard for the solemnity of judgments of a court of general jurisdiction would require a holding that the judgment rendered in favor of appellant in the justice's court could not be enjoined in the present proceeding, even though it resulted in the Rosses' having to pay the debt twice. The loss in such a case would not be the fault of the law, but of their negligence in not pursuing their remedy. The question, however, appears to be determined by the early case of Westmoreland v. Miller, 8 Tex. 168, where it seems to be held in just such a case that the defendant in garnishment ought not to be left in peril of having two judgments enforced against him for the same debt. The case which the court there cites as being decisive of the matter does not support it, however, in that the garnishment judgment had been appealed from. See Wybrants v. Rice & Nicholls, 3 Tex. 458. However that may be, Westmoreland-Miller appears never to have been overruled, and does decide the question now before us, and we feel constrained to follow it.

The judgment of the district court is therefore affirmed.