LEWIS et al. v. ROACH MANIGAN PAV-
ING CO. (No. 7814.) *

(Court of Civil Appeals of Texas. Ft. Worth.
March 4, 1916. Rehearing Denied
April 1, 1916.)

MECHANICS' LIENS ⬥⬥34 — IMPROVEMENT IN
STREET—CONTRACTS.

Since a deed to a lot fronting on a public street, which shows that the lot abuts upon the street and was laid out with reference thereto, in the absence of some restriction in the deed, carries with it a fee simple to the center of the street, where the plaintiff contracted with the defendant to pave the street in front of a lot held under a warranty deed, the work was an improvement upon the entire lot, and the defendant was entitled to enforce a mechanic's lien upon the lot, under the provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 5631.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 39; Dec. Dig. ⬥⬥34.]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by Violet Lewis and another against the Roach Manigan Paving Company. From a judgment for the defendant, plaintiffs appeal. Affirmed.

Hunter & Hunter, of Ft. Worth, for appellants. Bryan, Bartholomew & Stone, of Ft. Worth, for appellee.

DUNKLIN, J. Acting under and by virtue of the special charter granted to the city of Ft. Worth by the Legislature of the state, the mayor and commissioners of said city duly and legally passed an ordinance, whereby it was ordered that Lipscomb street in said city should be paved, and advertisements for bids for such work were duly made. The Metropolitan Construction Company was one of the bidders, and, its bid having been duly accepted, it entered into a contract to do such paving, giving the necessary bond required, and the street was paved in compliance with said contract. At that time Hugh H. Lewis, Jr., and his wife, Violet Lewis, were the owners of lot No. 9 in block No. 3, Page's addition to the city, which abutted on Lipscomb street, and which was then their homestead. The Metropolitan Construction Company was unwilling to do the work in front of said lot to the middle of the street unless Lewis and wife should first execute a contract to pay therefor at the rate of $2.04 per square yard, which was the price agreed to in the contract with the city. Thereupon Lewis and wife executed and delivered to the company such a contract. This contract was duly signed and acknowledged by Lewis and wife in the manner required by article 5631, 4 Vernon's Sayles' Texas Civil Statutes, in order to fix a lien for material and labor for improvements upon a homestead. That contract, so executed and acknowledged, was delivered to the Metropolitan Construction Company before the work was begun, and the company would not have paved in front of said lot if said contract on the part of Lewis and wife had not been first made. The value of the paving in front of said lot from its curb line to the center of the street and the width of the lot was $169.96, and by reason of the pavement the market value of the lot was enhanced in that sum. Some two years later Lewis and wife were divorced. This suit was instituted by Violet Lewis alone, whose title to the property at the time of the institution of the suit seems not to have been questioned, for a cancellation of the apparent lien so fixed upon said lot. E. P. White had purchased all claims of the Metropolitan Construction Company for such paving, and he intervened in the suit, and, in addition to a resistance of plaintiff's demand, by way of cross-action he asked for a foreclosure of the lien for the value of the improvements, independent of the contract price therefor. Pending the litigation, S. King purchased the property from Mrs. Lewis, and he was made a party defendant by E. P. White to answer the latter's cross-action for foreclosure. Judgment was rendered, denying a cancellation of the lien and decreeing a foreclosure thereof in favor of White against Mrs. Lewis and S. King for the value of the improvements, and also in favor of King on his cross-action against Mrs. Lewis, his vendor, for any sum that he might be compelled to pay by reason of such foreclosure. Mrs. Lewis and King have prosecuted this appeal, from the judgment denying a cancellation of the lien and foreclosing the same in favor of White. The case was tried upon an agreed statement of facts which included the facts recited above. In addition to those facts, it was further agreed that the property was acquired by H. H. Lewis, Jr., from the Jones Hurt Lumber Company, by warranty deed describing it as "Lot No. 9, block No. 3, of the R. M. Page addition to the city of Fort Worth." It was further agreed—

"that the plat of the R. M. Page addition shows that the front line of the lot in controversy runs along the east line of Lipscomb street, and, according to said plat, does not extend on to any part of said Lipscomb street; that in the deed of dedication from R. M. Page the said Page dedicates the streets and alleys in his addition to the public."

But one question is involved upon this appeal, which is stated by appellants as follows:

---

"Whether or not the deed conveying the lot in controversy to H. H. Lewis, Jr., operated to convey a fee to the middle of Lipscomb street, and whether paving Lipscomb street was an improvement on appellant's homestead."

The case of Waples Painter Co. v. Ross, reported in 141 S. W. 1027, was a suit to enforce the statutory lien for labor and material furnished in the construction of a sidewalk in front of a lot, and in that case this court affirmed the judgment, decreeing a foreclosure of the lien so claimed, and in the course of the opinion the following was said:

"The rule in this state is that the owner of a lot fronting on the street owns the fee to the center of the street, subject only to the easement of the public. Bond v. T. & P. Ry. Co., 15 Tex. Civ. App. 281, 39 S. W. 978; Emerson v. Bedford, 21 Tex. Civ. App. 262, 51 S. W. 889. It would follow, therefore, that a sidewalk placed in the street is none the less an improvement of the lot on which it is placed."

See, also, 13 Cyc. 629, in which the same rule is announced, and decisions of several states cited to support the text.

In Mitchell v. Bass, 26 Tex. 372, our Supreme Court said:

"The established doctrine of the common law is that a conveyance of land, bounded on a public highway, carries with it the fee to the center of the road, as part and parcel of the grant. Such is the legal construction of the grant, unless the inference that it was so intended is rebutted by the express terms of the grant. The owners of the land on each side go to the center of the road, and they have the exclusive right to the soil, subject to the right of passage in the public. Upon the discontinuance of the highway, the soil and freehold revert to the owner of the land."

To the same effect are Bond v. T. & P. Ry. Co., supra, in which a writ of error was denied by our Supreme Court; and also Emerson v. Bedford, supra.

Appellants have cited several decisions of other states, some of which seem to announce a different rule from that announced by our Texas courts and shown above. One of those cases is Coenen v. Staub, 74 Iowa, 34, 36 N. W. 877, 7 Am. St. Rep. 470, in which the Supreme Court of Iowa refused to enforce a lien upon a lot for a sidewalk placed in front of it under contract with the owner, and in that case the following was said:

"The sidewalk is not situated upon the lot sought to be charged, but in the street on which it fronts. It is not an improvement upon or of the lot, nor was it made for the benefit of the owner, but of the public, and was constructed by the owner, as we presume, in obedience to some requirement of the town government. Under provisions of the statute many street improvements in incorporated towns and cities may be made at the cost of the owners of the abutting property. Streets may be reduced or filled to grade and paved, and sewers and sidewalks may be constructed therein, and, when the work is done by the city, the cost may be taxed by special assessment upon the abutting property, or the property owners may be required to do the work in front of their respective properties. But, however it may be done, the work is a public, rather than private, improvement; and the law does not afford the mechanic or materialman who does such work, or furnishes material therefor, under contract with the owner of the abutting property, a lien therefor upon the property."

Several other decisions of other states seem to be practically to the same effect, some of which are cited in the note to section 1348 of 2 Jones on Liens (3d Ed.) while in section 1349 the same author says:

"A lien may be properly acquired for the expense of constructing a sidewalk on the street adjoining a building, inasmuch as the sidewalk is an appurtenance to the building within the meaning of the Mechanic's Lien Act. It is immaterial that the owner's title extends only to the side and not to the center of the street."

But whatever the rule may be in other states, we are of the opinion that, as it is settled in this state that a deed to a lot fronting on a public street and calling for such street, or else describing the lot by reference to a plat which shows that the lot abuts upon the street and was laid out with reference thereto, carries with it a fee-simple title to the center of the street, in the absence of some restriction in the deed, it follows inevitably that an improvement, such as the one in controversy in the present suit, was an improvement upon the entire lot, including that part which fronts upon the street and upon which buildings are erected. It having been agreed that the contract for paving was executed by Lewis and wife prior to the beginning of the work, and all of the statutory requirements necessary to fix a mechanic's lien upon the lot, as required by article 5631, Vernon's Sayles' Texas Civil Statutes, were complied with, it follows that the judgment of the trial court must be affirmed.

Affirmed.