**WARWICK et al. v. CITY OF WAXA-HACHIE et al.   (No. 405.)***

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926. Rehearing Denied Nov. 18, 1926.)

1. **Mechanics' liens ⬳180—Mechanic's lien contract for cost of pavement held not to create lien on homestead described as extending only to street lines (Const. art. 16, § 50).**

Mechanic's lien contract for cost of pavement *held* ineffective to create lien on homestead, under Const. art. 16, § 50, as to lot described as extending only to street lines, where it did not appear whether street which was paved constituted part of addition at time lot was laid out, nor how city's rights in street were acquired.

2. **Boundaries ⬳20(1)—Generally, conveyance carries fee to center of street, subject to public easement.**

Generally, conveyance of land divided into lots and blocks and separated by streets and alleys dedicated to public use carries with it fee to center of street, subject to easement of public way.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by the City of Waxahachie and others against V. V. Warwick and others, wherein the Texas Bitulithic Company intervened as plaintiff. From the judgment, defendants appeal. Affirmed in part, and in part reversed and remanded.

J. T. Spencer, of Waxahachie, for appellants.

Geo. T. Lee and Dabney, Goggans & Ritchie, all of Dallas, for appellees.

GALLAGHER, C. J. This suit was brought by the city of Waxahachie for the use and benefit of the Texas Bitulithic Company, a corporation, against V. V. Warwick and wife, Minnie E. Warwick, Mrs. Lizzie Trippet and husband, A. Trippet, Ida Cochran and husband, J. A. Cochran, Lelia Norton and husband, Fletcher Norton, C. P. Shelby and wife, E. A. Shelby, J. T. Spencer and wife, M. E. Spencer, and J. T. Spencer, agent, on July 25, 1923, to collect and enforce a special assessment evidenced by certificate of special assessment issued by said city to Texas Bitulithic Company for the sum of $495.83 against V. V. Warwick and wife, Minnie E. Warwick, and their property fronting 103.33 feet on the west side of Monroe street in said city, and to establish and foreclose a special assessment lien securing said sum on said property against the interest of all the defendants herein. The Texas Bitulithic Company intervened as plaintiff and asked for judgment in its own behalf upon the certificate of special assessment, and also declared upon a mechanic's lien contract on said property executed by said V. V. Warwick and wife to said company for the cost of the improvements, and sought personal judgment against Warwick and wife and foreclosure of said assessment and contract liens on said property against all the defendants.

Defendant Warwick owned a tract of land abutting on Monroe street in said city and used and occupied the same with his family as a home at the time said street was paved and said assessment levied. The defendants other than Warwick and wife had a claim against said property for an unpaid balance of purchase money.

[1] The controlling issue in this appeal is whether the mechanic's lien contract given by Warwick and wife to the Texas Bitulithic Company was valid and effective to create a lien on the homestead of said Warwick and wife. The field notes of the lot owned by Warwick, so far as applicable, are as follows:

"A part * * * of block 29, town addition * * * according to Phillips & Hawkins' official map of the city of Waxahachie * * * beginning at the southeast corner of a lot sold by Mrs. Mary Rowan to F. E. Waller, the same being the northeast corner of S. H. Watson and the northeast corner of block 30, T. A., a stake in the west line of Smith street (now Monroe street); thence north 23¾ east with the west line of said street 37⅓ vrs. to a stake in the line of said street and in the south line of the right of way of the Fort Worth & New Orleans Railway (now Park street), a stake 30 feet from the center of said railway; thence north 53½ west with the west line of said right of way 52⅔ vrs. to stake * * *; thence south 22½ west about 42 vrs. to a stake in the south line of said block 29; thence south 66¾ east to the south line of said block 29 to the place of beginning."

There was no evidence with reference to when or by whom the town addition, of which the Warwick lot forms a part, was laid out. Neither is there anything in the statement of facts to show whether Monroe street constituted a part of said addition at the time the same was laid out, nor how the city's rights in said street were acquired. The evidence shows that one Dr. Walker once occupied the property as a home and that Warwick held under purchase from his heirs. From whom Dr. Walker acquired title is not shown. Neither is there any attempt to show the metes and bounds of the property owned and held by him. There is nothing further in the evidence reasonably calculated to aid in construing the language used in describing said lot.

Plaintiffs contend that, because the field notes under which Warwick held his lot show that the same fronts or abuts on Monroe street, the court was justified in presuming that he owned the fee in the street to the center thereof, subject, of course, to the use thereof by the public as a highway. The de-

---

⬳For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes
*Writ of error granted January 19, 1927.

fendants contend that said field notes limit the land owned and held by Warwick to the west line of Monroe street, and rebut any presumption that his land extended beyond said line and included any part of said street.

The general rule invoked by plaintiffs is stated in 9 Corpus Juris, p. 195, as follows:

"It is the established rule that a conveyance of land bounded on a street or highway carries with it the fee to the center thereof, subject to the easement of public way, provided the grantor at the time owned to the center and there are no words of specific description to show a contrary intent. In such case the street or highway is regarded as the boundary or monument and the purchaser takes to the middle of the monument as part and parcel of the grant. * * * Of course, where once there has been a conveyance made excluding the soil of the street, since the grantee of such conveyance owns only to the edge of the street he cannot in any subsequent conveyance by any words of description extend the boundary of the land to the center of the street."

[2] This rule is generally held to apply when a person owns a tract of land and divides the same into lots and blocks separated by streets and alleys, and, having dedicated such streets and alleys to public use, afterwards conveys to purchasers by lot and block numbers. In such cases, in the absence of anything in the conveyance indicating a different intent or purpose, the grantor is presumed to have intended to convey with each lot its proportionate part of the street in front or the alley behind the same, subject, however, to an easement in the public for the use thereof.

The leading Texas case relied on by plaintiffs to support their contention is Lewis v. Roach Manigan Paving Co. (Tex. Civ. App.) 184 S. W. 680, 681. That case was tried on an agreed statement of facts. This statement is not incorporated in the opinion. It appears from the opinion, however, that the lot involved was described in the deed under which Lewis held as lot 9 in block 3 of the Page addition; that said lot abutted on Lipscomb street; and that said street, with others, was dedicated to public use by the said Page by recorded deed. Lewis, the owner of said lot at the time said street was paved, did not purchase directly from said Page, but the necessary inference is that he held under him by direct chain of conveyances. In the case of Waples-Painter Co. v. Ross (Tex. Civ. App.) 141 S. W. 1027, 1028, cited and quoted from by the court in its opinion in the case of Lewis v. Paving Co., supra, a tract of land was divided by Cooke county into lots, blocks, and streets, and the Rosses held the lot in question; the same being lot 4 in block 4, under a regular chain of deeds from said county. In the case of Bond v. T. & P. Ry. Co., 15 Tex. Civ. App. 281, 39 S. W. 978–980, also cited by the court in Lewis v. Paving Co., supra, said Bond acquired a tract of land

and divided the same into lots and blocks, separated by streets and alleys. He then sold said lots and blocks by the numbers so designated by him. After many years his heirs sought to recover an alley so dedicated as their private property, free of any right or claim on the part of the lot owners abutting thereon. The same situation, in substance, is disclosed in the case of Emerson v. Bedford, 21 Tex. Civ. App. 262, 51 S. W. 889, also cited in said opinion, except that, in the Bedford Case, Bedford himself was the original grantor and was attempting to claim the streets and alleys against his own grantees. A similar situation is shown by the opinion in the case of Wiess v. Goodhue, 46 Tex. Civ. App. 142, 102 S. W. 793–797, cited and relied on by plaintiffs. In all the foregoing cases it affirmatively appears that the streets and alleys were dedicated by the party subdividing the tract, and that said party sold the lots and blocks therein according to the map of such subdivision. There is nothing in any of said cases tending to rebut the presumption that the party making such subdivision intended to convey, subject to such dedication, all his remaining right in and to such streets and alleys to the grantees in his several deeds, nor to indicate that said right did not pass by each successive conveyance down to the party owning such lot or lots at the time the issue involved in each of said cases arose. The opinion of the Commission of Appeals in the late case of State Trust Co. v. Morrison, 282 S. W. 214, sustains a contract lien given on a homestead for paving of the street in front of the same, but the opinion of the Court of Civil Appeals in that case (274 S. W. 341, 342) shows that the parties agreed that the property of the owner extended to the middle of the street paved.

It is sometimes broadly stated that the owner of property abutting on a street or highway is presumed to own to the middle thereof, subject to the public easement. Such presumption is necessarily of little weight in the absence of evidence of corroborating circumstances such as were shown to exist in the Texas cases above discussed. The presumption under discussion is in all cases merely a rule of construction and must give way to the actual intention of the parties as gathered from the language of the conveyance to be construed, considered in the light of attending circumstances. 9 C. J. p. 198, §§ 86, 87.

The evidence in this case discloses that there is practically an entire absence of the circumstances usually relied on to show that the parties intended the property conveyed to extend to the center of the street. In addition to this fact, the field notes under which Warwick acquired the property, literally construed, exclude any part of either Monroe or Park streets. Said field notes call for a beginning corner in the west line of Monroe

street and to run with said west line to the south line of the railway right of way, now Park street, a stake 30 feet from the center of said railway, and from there with the south line of said right of way or street. We have not found any Texas case construing the effect of these calls, but by the great weight of authority elsewhere they effectively exclude any presumption that the parties intended to convey any part of either of said streets. 9 C. J. p. 201, § 93, and cases in note 8 thereto; Severy v. Central Pacific R. Co., 51 Cal. 194; Alameda Macadamizing Co. v. Williams, 70 Cal. 534, 12 P. 530, 533; Tuskegee Land & Security Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992; Peabody Heights Co. v. Sadtler, 63 Md. 533, 52 Am. Rep. 519; Hunt v. Brown, 75 Md. 481, 23 A. 1029; Betcher v. Chicago, M. & St. P. Ry. Co., 110 Minn. 228, 124 N. W. 1096; Grand Rapids & Indiana R. Co. v. Heisel, 38 Mich. 62, 31 Am. Rep. 306; Harriman v. Whitney, 196 Mass. 466, 82 N. E. 671; Smith v. Slocomb (Mass.) 9 Gray, 36, 69 Am. Dec. 274; Re Bronx Parkway, Woolf v. Pierce, 209 N. Y. 344, 103 N. E. 508, 2 A. L. R. 1, and also note (f) to said case, beginning on page 28. There are cited in said note cases supporting the rule here announced from various other states besides those included in the authorities above listed. It appears from said note that the contrary rule is probably limited to the states of Pennsylvania and New Hampshire. We are inclined in this case to follow the weight of authority and to hold that the trial court was not warranted, under the evidence in this case, in construing the field notes in the conveyance to Warwick to vest in him any interest in the fee to any part of Monroe street. Plaintiffs concede in their brief that they can maintain the lien adjudged in favor of Texas Bitulithic Company by the trial court only upon the theory that Warwick owned the fee in said street, subject to the public easement. Since Warwick did not own any part of the fee in said street in front of his property, the contract executed and delivered by him and his wife to the Texas Bitulithic Company for the paving of said street was not a contract for improvements to be made on their homestead, and therefore was not within the authority to incumber a homestead to secure the payment of a debt for improvements made thereon, given by section 50 of article 16 of the Constitution, and therefore did not create a lien.

There is no complaint of the personal judgment rendered by the trial court in favor of the Texas Bitulithic Company against V. V. Warwick and the same is here affirmed, but the judgment foreclosing a lien to secure the same on said lot is reversed and such foreclosure denied. The Walker heirs did not ask either a personal judgment against War-

wick for their debt or a foreclosure of their vendor's lien securing the same, but merely asked in event the property was sold that they be protected in the payment of their debt out of the proceeds.

Since the judgment of foreclosure was rendered solely at the instance of plaintiffs and the same has been set aside, the cause as between the Walker heirs and Warwick and wife is reversed and remanded for such further proceedings as may be necessary or proper in the premises.